WHITE, Judge.
This is an appeal by Bemort, Inc., defendant below, from an order denying its motion for summary judgment and granting plaintiff Deerfield Beach Bank’s motion for summary judgment.
The plaintiff bank filed a suit at law for a deficiency judgment after recovering chattels covered by a chattel mortgage and selling them at a private sale. Two notes were given for the same consideration by the defendant to the plaintiff. One note was attached to the mortgage, and the other was separate. The defendant reduced the indebtedness to $4,145.01 prior to default and the private sale of the collateral amounted to $1,591.50, of which only $1,500 was applied. The plaintiff asked for a deficiency judgment of $2,645.01 which was granted along with accrued interest, costs, and $600 attorney fees. The summary final judgment and attorney fees were entered ex parte and without notice to the defendant.
The defendant-appellant contends that the private sale could only have been made on one of two theories. First, that the plaintiff could recover the chattels and take possession as owner; second, that the plaintiff could recover the chattels pursuant to the authority of the note and chattel mortgage ; that if the first contention is followed the plaintiff is not entitled to a deficiency judgment, and if the second method is used the statutory rules of foreclosure must be followed. The defendant claims that Sections 697.01 and 698.03, Florida Statutes, F.S.A., prohibits a private power of sale in this instance, and therefore the trial court judge erred in granting the summary judgment for the plaintiff.'
The plaintiff contends that the collateral note was sued on and not the chattel mortgage which was made merely for additional protection of the bank, but it is willing to concede that $91.50 additional credit is due the defendant from the private sale.
The defendants raised the following points on appeal (1) whether or not it was error to grant the plaintiff’s motion for summary judgment, (2) whether or not it was error to deny defendant’s motion for summary judgment, and (3) whether or not summary final judgment should have been entered ex parte, and attorney fees awarded without notice to the defendant. We think it was error for the lower court to grant the plaintiff’s motion for summary judgment. Summary judgment should have been granted for the defendant.
In this case the Deerfield Beach Bank took two notes for a consideration. Each note was for the full amount of the money advanced to the defendant. The first note *30 was attached to the chattel mortgage and was recorded. The second note also was for the same amount and stated that collateral for the note was the chattel mortgage on household furniture for model homes. The Bank elected not to sue on the mortgage and attached note, but sued upon the separate note which had this provision :
“* * * The undersigned agrees that immediately upon default in payment of this note, the said Bank shall have full power and authority to sell, assign, and deliver the whole or any part of the above mentioned property * * * at a private or public sale, at the option of said Bank, and the undersigned waives any and all notice of said sale.”
The collateral furniture was turned over to the plaintiff bank without any legal action on the part of the plaintiff, after which the plaintiff sold the furniture at a private sale. The proceeds of the sale left a deficiency remaining due of $2,-645.01, the amount of the deficiency judgment rendered in the lower court. Of this amount plaintiff has agreed to remit an additional credit of $91.50 to save time of further litigation on that point.
By suing on the separate note permitting a power of sale, the plaintiff attempted to circumvent the ordinary foreclosure methods. It has long been held that “an instrument must be considered a mortgage if, taken alone or in connection with surrounding facts, it appears to have been given as a security”. Brumick et al. v. Morris, 1938, 131 Fla. 46, 178 So. 564, 567 (warranty deed); Cary & Co. v. Hyer, 1926, 91 Fla. 322, 107 So. 684, 687 (bill of sale); Hull, et al. v. Burr, 1909, 58 Fla. 432, 50 So. 754, 757 (deed of conveyance); Wylly-Gabbett Co. v. Williams, 1907, 53 Fla. 872, 42 So. 910, 929 (assignment to trustee).
If this instrument is then taken as a mortgage, it must come within Section 697.01 of the Florida Statutes, F.S.A., which provides:
“All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.’’ (Emphasis ours).
“The quoted section is comprehensive in scope, and should be liberally construed.” Cary & Co. v. Hyer, supra [91 Fla. 322, 107 So. 687]; Hull v. Burr, supra.
Here the plaintiff recovered the possession of the chattels and sold them at a private sale. Having elected its remedy to avoid the foreclosure procedure, the plaintiff is not entitled to a deficiency judgment because there can be no valid sale under a mortgage by the bank except through a formal foreclosure sale.
In Wylly-Gabbett Co. v. Williams, supra, the Supreme Court of Florida said:
“The mortgage contains a clause attempting to empower the trustee therein named to take possession of the property, and to sell it, etc., upon any default in the payment of interest, principal, etc. Under our statute (section 1982, Rev.St.1892) which provides as follows: 'A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession’—this provision in the mortgage is migatory, but does not vitiate the mortgage, and should be disregarded. Thompson v. Marshall, 21 Or. 171, 27 Pac. 957.” (Emphasis ours).
*31 The statute quoted in the Wylly-Gabbett v. Williams case is exactly the same as the present Section 697.02 of the Florida Statutes, F.S.A. The law of that case has been stated in 22 Fla. Jurisprudence, Mortgages, pages 379-380 to be:
“Sale under a power contained in a trust deed or mortgage instrument, or created by a separate instrument, is not a permissable mode of mortgage foreclosure in this state. Thus a provision in a trust deed attempting to empower the trustee to take possession of the mortgaged premises and to sell them on any default in the payment of interest or principal is nugatory.”
For these reasons the summary judgment rendered for the plaintiff in the Court of Record must be reversed, and the case is remanded to conform with this opinion. For this reason it is unnecessary to review the other points on appeal.
Reversed.
SHANNON, C. J., and SMITH, J., concur.