184 So.2d 200 (1966)
Fritz B. BOYETTE, Appellant,
v.
RELIABLE FINANCE COMPANY, a Florida Corporation, Appellee.
No. 5684.
District Court of Appeal of Florida. Second District.
March 2, 1966.
Rehearing Denied March 28, 1966.
W.K. Zewadski and Radford W. Smith, St. Petersburg, for appellant.
David L. Foster and James E. Kennedy, Jr., St. Petersburg, for appellee.
LILES, Judge.
This is an appeal from the Civil and Criminal Court of Record of Pinellas County from a judgment rendered in favor of appellee-plaintiff wherein plaintiff sued defendant-appellant on a promissory note.
Defendant borrowed the sum of $300.00 from plaintiff finance company and in return gave plaintiff a promissory note in that amount. As additional security for the loan, plaintiff accepted a chattel mortgage *201 on a 1949 Oldsmobile owned by defendant. Subsequently, and with plaintiff's knowledge, defendant gave possession of the automobile to one Alfred Cope. Defendant and Cope had informally agreed that Cope would make the payments on the loan directly to plaintiff. At the time the note was executed, defendant obtained a "single-interest" insurance policy on the automobile which listed plaintiff company as the beneficiary up to the amount of the loan. It is not clear from the record whether plaintiff required the obtaining of this policy. In any event, after making one payment on the note, Cope wrecked the automobile and notified plaintiff of this fact. Plaintiff accepted a settlement from the insurance company which had issued the "single-interest" policy in the amount of $175.00. According to the president of plaintiff company, this settlement included the salvage value of the wreck. Without authority from either Cope, who last had possession of the car, or defendant, who still held legal title thereto, plaintiff surrendered the Title Certificate it held on the automobile to the insurance company and apparently acquiesced in the disposition of the wreckage.
Plaintiff then brought an action against defendant seeking the balance due on the note. It also obtained a writ of garnishment prior to judgment, but this writ was quashed upon defendant's motion and the case proceeded to trial without a jury. The trial court entered its judgment in plaintiff's favor in the principal amount of $127.05 together with interest in the amount of $143.87, attorney's fees of $120.00 and costs of $25.00 for a total of $415.92.
Defendant bases his appeal upon the theory that plaintiff's actions regarding the automobile after its wreck constituted an election of remedies by plaintiff which precluded a suit on the note. We do not believe this case involves a true election of remedies situation since that theory contemplates the assertion of inconsistent remedies. To be inconsistent, one remedy requires a set of facts different from those facts required to support another remedy. 8 Fla.Law & Practice, Election of Remedies § 2. The general rule seems to be that where the mortgagee of a chattel mortgage has several remedies, he may pursue one or more of these concurrently so long as they are not inconsistent. 15 Am.Jur.2d, Chattel Mortgages § 206; 6 Fla.Jur., Conditional Sales, Chattel Mortgages and Trust Receipts § 79. There is nothing inconsistent in going against the subject chattel by way of foreclosure and then seeking a deficiency on the note if the results of the foreclosure proceedings do not satisfy the amount due.
We believe, however, that the case of Bemort, Inc. v. Deerfield Beach Bank, 134 So.2d 28 (D.C.A.Fla. 1961) controls this situation, and basing our decision thereon we reverse the trial court. In that case the defendant, Bemort, Inc., had executed and delivered to plaintiff bank two notes and a chattel mortgage. The chattel mortgage covered furniture owned by defendant. Upon default, the bank took possession of the furniture without any legal action on its part but apparently pursuant to a "power of sale" clause in one of the promissory notes. Plaintiff thereafter sold the furniture at a private sale and subsequently brought a law action for a deficiency judgment. This Court pointed out in its opinion that § 697.01, Fla.Stats., F.S.A., provides that all mortgages, including chattel mortgages, are subject to the same rules of foreclosure and that a sale such as was held by plaintiff bank was not a permissible mode of mortgage foreclosure in Florida. The Court then said:
"Here the plaintiff recovered the possession of the chattels and sold them at a private sale. Having elected its remedy to avoid the foreclosure procedure, the plaintiff is not entitled to a deficiency *202 judgment because there can be no valid sale under a mortgage by the bank except through a formal foreclosure sale."
The effect of this decision is that if one forecloses his chattel mortgage by means other than legal action, he is precluded from obtaining a judgment for any deficiency. In the instant case plaintiff delivered the wrecked automobile to the insurance company without authority from either the owner or his agent. It accepted a settlement from the insurance company which included the salvage value. Plaintiff did not foreclose its chattel mortgage by legal action, but chose to use non-judicial methods to enforce its lien. In view of the decision of Bemort, Inc. v. Deerfield Beach Bank, supra, plaintiff was therefore precluded from bringing this action against defendant.
Defendant also questions the trial court's action in awarding attorney's fees to plaintiff. Our decision makes it unnecessary to directly pass on this matter, but we note that no testimony was taken as to a reasonable fee nor was there a stipulation to the effect that such testimony was unnecessary. It is, of course, well established that a trial court may not award attorney's fees without some testimony as to the reasonableness of such award absent a stipulation to that effect.
Likewise, plaintiff's cross-assignment of error to the effect that the trial court should not have quashed the writ of garnishment without requiring defendant to post a bond need not be considered by this court in view of our decision.
Accordingly, the judgment of the trial court is hereby reversed.
SHANNON, Acting C.J., and PATTON, ROBERT W., Associate Judge, concur.