DOWNEY, Judge.
This is an appeal from a final summary judgment for the appellee awarding it 4,021.28, together with attorney’s fees.
We are unable to determine from the record before us that there was no genuine issue of material fact remaining in the trial court. Accordingly, the cause must be reversed and remanded to the trial court, without prejudice to the rights of the parties to file further motions for summary judgment if it can be clearly demonstrated that there is no genuine issue of fact remaining.
Since the matter must be returned to the trial court, we feel it appropriate to call attention to the procedure followed in awarding attorney’s fees in the final judgment. Appellant complains that the amount of attorney’s fees was determined by the court based upon the affidavit of a member of the bar. No hearing was held and thus no opportunity for cross examination. We think the proper procedure for determining the amount of attorney’s fees where summary judgment is entered is for the court to hold an adversary hearing, at which time counsel have an opportunity to adduce testimony directed to that issue. See Siciliano v. Hunerberg, Fla.App.1961, 135 So.2d 750; Boyette v. Reliable Finance Company, Fla.App.1966, 184 So.2d 200. Of course, if the parties choose they may stipulate that the court set the amount of attorney’s fees upon presentation of affidavits.
Reversed and remanded.
WALDEN, J., and KNOTT, JAMES R.. Associate Judge, concur.