442 So.2d 1034 (1983)
Alfred J. CINQUE and Gay Cinque, His Wife, Appellants,
v.
Timothy BUSCHLEN, Appellee.
No. 83-976.
District Court of Appeal of Florida, Third District.
December 13, 1983.
*1035 George, Hartz, Burt & Lundeen and Richard A. Burt, Miami, for appellants.
S. Scott Choos, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Buschlen, a tenant of certain commercial space under a lease agreement, sold his leasehold interest to a purchaser under a written agreement. The agreement, inter alia, called for the purchaser to pay the rent to the owner, to make periodic payments to Buschlen until the purchase price was paid in full, and further provided that upon the purchaser's default, the balance due would be accelerated, and the right of possession of the premises would revert to Buschlen. According to his own testimony, Buschlen fully understood that he had retained the right to repossess the leasehold as security for the purchaser's faithful performance of his obligation to make the required payments.
Sometime after this transaction, the purchaser transferred his rights to a portion of the leasehold to the Cinques. When still later the purchaser failed to make a payment under his agreement with Buschlen, Buschlen demanded that the Cinques relinquish possession of the portion of the premises held by them and, upon their refusal to do so, brought this action for damages for wrongful eviction. The Cinques appeal from the judgment entered in Buschlen's favor. We reverse.
Buschlen's claim that he was entitled to possession of the premises, and thus damages for the wrongful withholding of such possession, is bottomed, as it must be, on his contention that he occupied the position of owner of the leasehold interest upon the purchaser's default. This contention, however, is without merit.
Section 697.01, Florida Statutes (1979), provides in pertinent part:
"All conveyances ... or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money ... shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."
We think it clear that the instant agreement was a conveyance made "for the purpose or with the intention of securing the payment of money," and therefore must be deemed and held to be a mortgage. See Adkinson v. Nyberg, 344 So.2d 614 (Fla. 2d DCA 1977) (agreement for deed under which purchaser immediately received burdens and benefits of ownership and which gave seller right to repossess the land and retain moneys paid to date upon purchaser's default deemed to be a mortgage); H & L Land Company v. Warner, 258 So.2d 293 (Fla. 2d DCA 1972) (same); Mid-State Investment Corporation v. O'Steen, 133 So.2d 455 (Fla. 1st DCA 1961), cert. denied, 136 So.2d 349 (Fla. 1961) (same). See also Huguley v. Hall, 157 So.2d 417 (Fla. 1963); Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982). Because a mortgage is "held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession," § 697.02, Fla. Stat. (1979), the provision in the agreement giving Buschlen the right of possession upon default is a nullity. See Wylly-Gabbett Co. v. Williams, 53 Fla. 872, 42 So. 910 (1907). See also Bemort, Inc. v. Deerfield Beach Bank, 134 So.2d 28 (Fla. 2d DCA 1961). *1036 Buschlen, therefore, was not an owner of the leasehold entitled to possession of the premises and, it follows, not entitled to damages when the possession of the premises was withheld from him by the Cinques. Buschlen's sole remedy upon the purchaser's default was, as in the case of any mortgagee, a suit to foreclose the lien of what we deem to be his mortgage.
Reversed with directions to enter judgment for the Cinques.