PER CURIAM.
Plaintiff appeals a final judgment in her action to quiet title based on adverse possession. We affirm the judgment for defendant.
The property in dispute is a strip of land approximately 26 feet by 492 feet on the border between the property of plaintiff and defendant. Defendant has record title to the property, but plaintiff claims adverse possession by substantial enclosure pursuant to the interpretation of section 95.16, Florida Statutes (1983), in Seddon v. Harpster, 403 So.2d 409 (Fla.1981). Plaintiff claimed that she and her family had mowed the disputed strip over the years, used part of the strip as a driveway, placed a cement driveway pillar on the strip, and maintained the fence which separated the strip from the remainder of defendant’s property.
The trial court found that the disputed parcel was never the subject of a hostile claim nor was it substantially enclosed by plaintiff or usually cultivated or improved so as to allow plaintiff’s use to ripen into title by adverse possession. We do not conclude that the final judgment was erroneous.
A person claiming adverse possession must show by clear and convincing evidence that his possession was open, continuous, notorious, and hostile, and any doubts must be resolved in favor of the owner of the property. Downing v. Bird, 100 So.2d 57, 64-65 (Fla.1958); Cooper v. Davis, 156 So.2d 169 (Fla. 2d DCA 1963). We cannot say that the trial court erred in its finding that the plaintiff failed to carry her burden of proving that her use of the disputed property was hostile to defendant’s ownership and use rather than being use by implied permission or mere acquiescence of defendant and defendant’s predecessor-in-title. See Cooper.
We find no merit in plaintiff’s argument that a boundary by acquiescence was established.
• Affirmed.
RYDER, C.J., and SCHEB and LEHAN, JJ., concur.