478 So.2d 1171 (1985)
Charlie WILLIAMS, Jr. and Ulysses Ellis, Appellants,
v.
Rosetta ROUNDTREE, Mary Frances Ford, Mayola Williams and Harper Roundtree, Jr., Appellees.
No. BG-234.
District Court of Appeal of Florida, First District.
November 27, 1985.
B. Dale Thompson, Gainesville, for appellants.
T. Allen Crouch of Crouch & Bourguignon, Gainesville, for appellees.
MILLS, Judge.
Charlie Williams, Jr. and Ulysses Ellis appeal from a final judgment of rescission and cancellation, which determined that four quitclaim deeds were as a matter of *1172 fact mortgages given to secure repayment of an indebtedness from the appellees to Charlie Williams, Sr., now deceased. We affirm.
The appellees met with Charlie Williams, Sr. at the law office of David LaCroix in Gainesville on 18 May 1978. Quitclaim deeds were prepared for each appellee by LaCroix to convey their interest in certain property in Alachua County to Charlie Williams, Sr.
Charlie Williams, Sr. executed a document, handwritten by LaCroix, in which he agreed to pay all past due and current taxes on the subject property, to pay other expenses and taxes to come due on the property and to reconvey the property upon payment to him within one year of all the taxes and expenses paid, including attorney's fees and costs plus 10 percent interest.
Charlie Williams, Sr. paid the taxes on the property. The appellees repaid most of the amount owed within one year. Charlie Williams, Sr. died on 25 May 1980. The entire amount owed including interest was ultimately repaid.
The appellees each filed a claim against the estate of Charlie Williams, Sr., claiming each deed to be in fact a security interest and requesting reconveyance of the property. Appellant Ulysses Ellis, as son and heir of Charlie Williams, Sr., objected to the claims. Appellees filed an action for cancellation, rescission and reformation of the deeds.
Trial was held on 15 December 1983 with final judgment for the appellees on 22 December 1983. The trial court found that the parties intended the quitclaim deeds to be security interests and that the indebtedness of the appellees had been fully paid. The trial court rescinded and cancelled the four quitclaim deeds. This appeal followed.
There was competent and substantial evidence that the quitclaim deeds were intended by Charlie Williams, Sr. and the appellees to serve as security for the repayment of money. If in view of all the circumstances the transaction resolves itself into security for the repayment of money, it is a mortgage. Brumick v. Morris, 131 Fla. 46, 178 So. 564 (1938).
Section 697.01(1), Florida Statutes, allows a court to interpret an instrument in the form of a deed absolute as a mortgage:
697.01 Instruments deemed mortgages.
(1) All conveyances ... or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages. (Emphasis added)
The essential point to be determined is the intent of the parties or the object of the conveyance. Rosenthal v. Le May, 72 So.2d 289 (Fla. 1954). The conveyance cannot be a mortgage unless it was given to secure payment of a debt. Bemort, Inc. v. Deerfield Beach Bank, 134 So.2d 28 (Fla. 2d DCA 1961).
The intent of the parties is clear. The quitclaim deeds were provided as a form of security and not as an unconditional transfer of interest. The taxes were overdue on the property in question, the appellees did not have the resources to make payment, so they sought assistance from Charlie Williams, Sr. Although Charlie Williams, Sr. was not related to the appellees by blood, undisputed testimony described the relationship of Charlie Williams, Sr. to the appellees as parent to children.
The appellees testimony is consistent to the effect that they did not intend to convey away the property. This was the understanding of David LaCroix, the attorney who prepared the instruments. The agreement prepared by LaCroix and executed by Charlie Williams, Sr. clearly evidences an intent to reconvey: "I shall: ... 3. Reconvey said property... ."
*1173 Whenever property belonging to one person is held by another as security for an indebtedness of the other, the transaction is in effect a mortgage. Markell v. Hilpert, 140 Fla. 842, 192 So. 392 (1939). Charlie Williams, Sr. held quitclaim deeds executed by the appellees as security for the repayment by the appellees of the money paid on the property taxes by Charlie Williams, Sr. The effect was the creation of a mortgage.
Appellants contend that a party seeking rescission and cancellation of an instrument must in their pleadings state a cause of action under one of the recognized heads of equity such as fraud, misrepresentation, duress or undue influence. A complaint alleging that a deed is in fact a mortgage does not have to be under one of the recognized heads of equity:
A bill of complaint, in which grantors, who conveyed realty by deed absolute with option to repurchase, sought to have transaction decreed a mortgage, and that grantors had right to redeem therefrom, stated cause of action, without allegation of a state of facts as to bring case within some recognizable head of equity jurisdiction, such as fraud, accident, mistake, and surprise.
Markell v. Hilpert, 192 So. at 398-9.
The trial court did not abuse its discretion. The complaint stated a valid cause of action. The quitclaim deeds were in fact mortgages.
Each party shall bear his own attorney's fees.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.