LEHAN, Judge.
Defendant appeals from a judgment in favor of plaintiffs ejecting defendant from certain disputed land. The apparent basis for the judgment was that plaintiffs had acquired title to the land by adverse possession for the requisite period. The land was contiguous to land to which plaintiffs had record title. There was testimony that the disputed land and the land to which plaintiffs had record title had been enclosed for over seven years by a four foot high, galvanized chain link fence with the posts set in concrete. Defendant had record title to, and paid taxes on, the disputed land. We affirm.
Plaintiffs did not acquire title to the disputed land by adverse possession “without color of title” because they did not pay taxes on that land. See Seddon v. Harpster, 403 So.2d 409, 410 (Fla.1981). Defendant contends that plaintiffs also did not acquire title by adverse possession “with color of title.” However, under the interpretation placed upon section 95.16, Florida Statutes (1988), in Seddon plaintiffs acquired title by adverse possession “with color of title” even though they did not have record title to the disputed land because “the disputed property ... is contiguous to the described land [described in plaintiffs’ record title] and ‘protected by a substantial enclosure.’ ” 403 So.2d at 411.
Under the facts of this case we cannot say the trial court erred in rejecting defendant’s arguments that rezoning by plaintiffs’ predecessor in title which did not interrupt plaintiffs’ physical possession interrupted the statutory adverse possession period, that the chain link fence described above was not a “substantial enclosure” within the meaning of section 95.16, and that the possession by plaintiffs was not open and notorious because the fence became covered by vegetation.
Affirmed.
SCHOONOVER, J., concurs.
RYDER, C.J., concurs in result only.