498 So.2d 1039 (1986)
Lucile J. TURNER, Appellant,
v.
Idell C. WHEELER, Appellee.
No. BM-61.
District Court of Appeal of Florida, First District.
December 16, 1986.
*1040 Alan Thompson of Sale, Brown & Smoak, and Jeffrey P. Whitton, Panama City, for appellant.
James H. White, Jr. of Staats, Overstreet & White, Panama City, for appellee.
MILLS, Judge.
Turner appeals from a final judgment declaring a deed to be a mortgage and quieting title in Wheeler. We affirm.
In May 1969, Turner lent Wheeler $4,000. Wheeler subsequently signed a note wherein she agreed to repay the money at 6% interest per annum. In July 1970, prior to a declaration of bankruptcy, Wheeler deeded to Turner certain real property in Bay County, Florida, without consideration, both parties agreeing that the property was intended to serve as security for the loan. It was understood that, upon payment of the loan and interest, the property would be returned to Wheeler.
Wheeler occupied the property for one month after the deed was executed, then rented it out. Turner assumed responsibility for the rental of the property a few months later, and Wheeler has not since had possession or control of it. Turner also made the payments on an outstanding $9,000 mortgage out of rental proceeds, although Wheeler made those payments for approximately a year-and-a-half at some point. None of the rental proceeds was ever turned over to Wheeler, and Turner testified that she realized some profit therefrom every year.
Wheeler and Turner discussed the status of the property on at least three occasions after the execution of the deed. In 1971 or 1972, Turner told Wheeler, not that she refused to return the property in return for repayment of the loan, but that she was not ready at that point to return it. A similar conversation occurred in 1976, when Turner told Wheeler she would return the property upon repayment of the loan and interest plus "what she (Turner) had in it"; no return was effected because the two could not agree on the latter figure. Finally, in 1982, Turner specifically informed Wheeler that she would not return the property, but would sell it to her for its market value of $38,000. Both Wheeler and Turner testified at trial that the 1982 discussion was the first occasion on which Wheeler was made aware that Turner refused *1041 to return the property in exchange for repayment of the loan.
In March 1984, Wheeler filed the instant complaint seeking reformation of the deed into a mortgage, an accounting of the amounts owed Turner on the loan and Wheeler in rental profits, and the settling of title in Wheeler. Turner answered the complaint asserting the affirmative defenses of laches and statutory laches; after her motion for judgment on these pleadings was denied, the answer was amended to add the affirmative defense that she was entitled to the property under the doctrine of adverse possession.
Following the bench trial of January 1986, the trial judge ruled orally that, based on the admissions of both parties, the 1970 deed was a mortgage. Turner was held entitled to $4,000 plus 6% interest dating from 5 May 1969. Wheeler was awarded a credit against that amount for rents collected by Turner, less Turner's payment of rental commissions, upkeep, taxes, insurance, mortgage payments and any liens. The court further found that Turner was entitled to an equitable lien against the property and, if an accounting showed that she was owed money, could foreclose on the property to obtain repayment. If, on the other hand, the accounting revealed that Wheeler was owed money, she could not collect it from Turner but would be entitled only to the cancellation of the mortgage.
A written final judgment was entered in February 1986, the court holding against Turner's claim of adverse possession in that she did not hold adversely to Wheeler until 1982. The accounting called for in the January 1986 oral ruling evidently revealed that Wheeler's credit exceeded any amount owed Turner, because the mortgage was deemed satisfied. Wheeler was declared to be the fee simple owner clear of any claim by Turner, and Turner was enjoined and restrained from interfering with Wheeler's possession.
Turner argues first that the trial court should have found Wheeler's claim barred by equitable doctrine of laches. We disagree. A suit is held to be barred on the ground of laches where, and only where, the following appear: 1) conduct on the part of the defendant giving rise to the situation of which complaint is made, 2) delay in asserting the claimant's rights, 3) lack of knowledge or notice on the part of the defendant that the claimant would assert the rights, and 4) injury or prejudice to the defendant in the event relief is accorded the claimant. Laches must be established by clear and positive evidence, particularly where the application of the doctrine is sought to divest the ownership of land. 35 Fla.Jur.2d Limitations and Laches, §§ 88, 94.
Here, both parties concede the existence of the first element. However, delay will not preclude the granting of relief where the failure to assert the claim earlier is satisfactorily explained. We find that the evidence supports a conclusion that, until the 1982 conversation, Turner had led Wheeler to believe that the arrangement for returning the land upon repayment of the loan was intact. Further, Turner conceded the initial agreement that the land was to serve as security for the loan, and knew that Wheeler wanted the land returned. Therefore, the evidence also shows that Turner had notice that Wheeler might assert her legal right to recover the property. Finally, Turner claims prejudice in that memories have dimmed over the years such that she could not make a proper case for her adverse possession claim. However, her own memory was clear enough to permit her to testify that she did not notify Wheeler of her intent to claim under the deed until 1982; this alone was sufficient to defeat the argument for adverse possession.
Turner next argues that Wheeler's claim should have been dismissed on the ground of statutory laches, relying on Section 95.11(6), Florida Statutes. That provision states that laches shall bar an action unless commenced within the time provided for legal actions concerning the same subject matter, regardless of the defendant's knowledge that the plaintiff would assert *1042 his rights or whether the defendant has been prejudiced by the delay. However, Section 95.11 by its terms concerns only "limitations other than for the recovery of real property" (emphasis supplied).
Real property actions are governed by Section 95.12, providing that "[n]o action to recover real property or its possession shall be maintained unless the person seeking recovery ... was seized or possessed of the property within 7 years before the commencement of the action." The requirement of seisin under this statute "is met when a party is possessed of legal title, and this seisin can only be destroyed by establishing the fact that the other party acquired title by adverse possession." Moore v. Musa, 198 So.2d 843, 846 (Fla. 3d DCA 1967).
All written conveyances of property, either real or personal, for the purpose or with the intention of securing the payment of money shall be deemed and held mortgages, Section 697.01(1), Florida Statutes, the essential point being the intent of the parties or the object of the conveyance. Williams v. Roundtree, 478 So.2d 1171, 1172 (Fla. 1st DCA 1985). In this case, there can be no doubt that the intention of both parties was that the deed was to secure the payment of a $4,000 loan. Therefore, the transaction was in effect a mortgage, Williams at 1173, and no conveyance of legal title occurred. Because Wheeler was "possessed of legal title," it remains only to determine whether Turner had acquired the property by adverse possession. Moore at 846.
We find that the trial court correctly held against Turner on this point. Adverse possession is not favored and all doubts are resolved in favor of the owner. Downing v. Bird, 100 So.2d 57 (Fla. 1958); Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983); Revels v. Sico, Inc., 468 So.2d 481 (Fla. 2d DCA 1985). It is essential to a finding of adverse possession that the possessor's use not be permissive. Downing; Crigger. Actual use is presumed permissive and the user has the burden to demonstrate that his use was without permission. Permissive use can become adverse, but only upon clear, positive and distinct notification of the owner by the permissive user that he is claiming the property other than by permission. Hollywood, Inc. v. Zinkil, 403 So.2d 528 (Fla. 4th DCA 1981).
In this case, Wheeler permitted Turner to use the property after the deed was executed. Although there was some doubt as to the actual content of the 1972 and 1976 conversations regarding the property, both parties testified that the 1982 discussion was the first time Turner informed Wheeler that she was claiming the property as hers under the deed. Because there was no "clear, positive and distinct notification" prior to 1982 that Turner was claiming the property other than by Wheeler's permission, Wheeler's seisin of the property was not destroyed at the 1984 filing of the instant action and statutory laches does not apply to bar that action.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.