650 So.2d 35 (1995)
William W. SETON, Jr., et Ux., Petitioners,
v.
Eula M. SWANN, Respondent.
No. 83244.
Supreme Court of Florida.
February 16, 1995.
*36 Frederic B. O'Neal, Orlando, for petitioners.
Edward Brinson of Brinson, Smith, Smith & Starr, P.A., Kissimmee, for respondent.
Guy E. Motzer, Edward M. Mullins and Edward J. Pfister of Steel, Hector & Davis, Miami, amicus curiae for Denis Hector and Joanna Lombard.
HARDING, Justice.
We review Swann v. Seton, 629 So.2d 935 (Fla. 5th DCA 1993), because of conflict with Seddon v. Harpster, 403 So.2d 409 (Fla. 1981), and Turner v. Valentine, 570 So.2d 1327 (Fla. 2d DCA 1990), review denied, 576 So.2d 294 (Fla. 1991). We have jurisdiction based on article V, section 3(b)(3) of the Florida Constitution.
This case concerns the interpretation of section 95.16, Florida Statutes (1991). We approve the district court's opinion because we find that the Setons did not establish adverse possession by color of title under this statute. Under section 95.16, the title to property possessed but not described in a recorded instrument cannot be used to show color of title.
In 1964, Eula Swann and her late husband acquired Lot 25 in a platted subdivision in Kissimmee. In 1982, William and G. Jewel Seton acquired the adjoining Lot 24 which was described in their deed as: "Lot 24, Block A, CANTERBURY TERRACE, according to the plat thereof, as recorded in plat book 1, page 305, of the public records of Osceola County, Florida." Surveys conducted in 1959, 1972, 1976, and 1984 erroneously showed the location of the boundary line between the lots.
The Setons made improvements in 1984 in reliance on the most recent erroneous survey. Swann protested about improvements on a strip of land that she says is hers. Sometime after the Setons purchased their lot, Swann built a fence along the boundary line shown in the erroneous surveys. She testified in the trial court that she knew her fence was built inward of her property line.
A boundary problem arose again in 1992 when erosion caused Swann's seawall to collapse. The district court said the boundary issue presumably came up because Swann wanted the new seawall to run at the correct boundary line. Swann, 629 So.2d at 936. A survey conducted in 1992 showed that the earlier surveys were incorrect. The parties stipulated that the 1992 survey, and a 1951 survey that was rediscovered, were "accurate and conformed to the subdivision plat." Id. The subdivision plat clearly reflects that the disputed property is part of Lot 25  Swann's property.
Swann sued the Setons in ejectment in 1992, seeking a court order compelling the Setons to remove all the permanent improvements they had made to the disputed strip of land. The trial court ruled for the Setons, finding that they had adversely possessed the disputed land for the seven-year period required by section 95.16.
The district court reversed. The court found that a party must meet two requirements to acquire title through adverse possession by color of title under section 95.16: *37 First, the property must be described in a written instrument recorded in official county records, and, second, the property must be possessed continuously for seven years.[1]Id. at 937, 938. The court found that while the deed conveying property to the Setons described their lot, it did not describe any part of Swann's lot. Id. at 938. Because the Setons did not meet the first requirement, the court found no need to decide whether the Setons had possession. Id. at 937.
In reaching its conclusion, the district court reviewed the history of section 95.16. In Meyer v. Law, 287 So.2d 37 (Fla. 1973), this Court considered adverse possession under section 95.17(2), Florida Statutes (1971),[2] which says that land shall be deemed possessed
[W]here it has been protected by a substantial enclosure. All contiguous land protected by such substantial enclosure shall be deemed to be premises included in the written instrument, judgment, or decree within the purview of section 95.16... .
The Court read section 95.17 in pari materia with three other adverse possession statutes and held:
[W]here one has color of title to a larger area than is fenced or cultivated, and he pays no taxes on any of the land described in the title, he may acquire title by adverse possession only to that portion of land shown on the paper title which he actually fences or cultivates.
Meyer, 287 So.2d at 40. Thus, the Court held that color of title was limited to property shown in the public record. Id.
In 1974, after Meyer, the Legislature amended adverse possession statutes by combining and rewording sections 95.16 and 95.17. The amendment took effect on January 1, 1975. In Seddon this Court, answering a certified question, held that the statute could not be applied retroactively. 403 So.2d at 411. The Court also said that:
By combining sections [95.16 and 95.17] the new statute clearly states that one does not have to have paper title describing the disputed property as long as that area is contiguous to the described land and "protected by a substantial enclosure."
Id. (emphasis added).[3] This represented a departure from Meyer, where this Court had held that color of title was limited to property shown in the record. While Swann characterizes this interpretation as dicta, it was subsequently cited as controlling law by at least one district court. See Elizabethan Dev., Inc. v. Magwood, 479 So.2d 251 (Fla. 2d DCA 1985); Revels v. Sico, Inc., 468 So.2d 481 (Fla. 2d DCA 1985).
The Setons argue that Seddon controls their case. But as the district court pointed out, the statute analyzed in Seddon was subsequently amended. See ch. 87-194, § 1, at 1255, Laws of Fla. The amended statute, which applies to the Swann-Seton dispute, says:
If only a portion of the land protected by the enclosure is included within the description of the property in the written instrument, judgment, or decree, only that portion is deemed possessed.
§ 95.16(2)(b), Fla. Stat. (1991). The district court correctly determined that the 1987 amendment indicated a legislative intent to supersede the Seddon holding that enclosed lands contiguous to land described in the written instrument could be acquired by adverse possession without payment of taxes on the lands. See Swann, 629 So.2d at 937-38. We agree with the district court that the *38 1987 amendment embodies the result of the predecessor statutes analyzed in Meyer.
We approve the district court's decision in Swann and hold that section 95.16(1) requires, as a first step, that the instrument upon which the claim of title is founded must be recorded in the official county records and describe the disputed property. Only then can a court consider under section 95.16(2) whether a party adversely possessed certain property. Because the Setons' title does not describe any of Swann's property, the Setons cannot meet the first requirement and cannot claim adverse possession by color of title.
Accordingly, while Seddon might have dictated a contrary result in this case, Seddon is no longer applicable because of the Legislature's 1987 amendment. We also disapprove Turner and Bailey v. Hagler, 575 So.2d 679 (Fla. 1st DCA 1991), review denied, 587 So.2d 1327 (Fla. 1991), because they were decided on the basis of Seddon, but after the Legislature's 1987 amendment to section 95.16. Seddon was no longer valid when Turner and Bailey were decided.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 95.16(1), Florida Statutes (1991), says in relevant part that:

Adverse possession commencing after December 31, 1945 shall not be deemed adverse possession under color of title until the instrument upon which the claim of title is founded is recorded in the office of the clerk of the circuit court of the county where the property is located.
Subsection (2) then describes different ways in which property can be deemed possessed.
[2] This statute was a predecessor to section 95.16(2), Florida Statutes (1991), which is at issue in the instant case.
[3] We note, parenthetically, that the Setons did not "enclose" the disputed property. Rather, the Setons asserted possession by "ordinary use." See § 95.16(2)(c), Fla. Stat. (1991).