PER CURIAM.
In this boundary dispute, T.T. Todd Company, Inc. (Todd) sought to oust Willard W. Kent, and his mother, Jeannie Bell Kent, (the Kents) from a disputed strip. The Kents raised adverse possession under color of title as an affirmative defense, pleading reliance on a fence, which the only survey introduced at trial showed as an encroachment on Todd’s parcel. The learned trial judge rejected the Kents’ affirmative defense of adverse possession under color of title on the basis of Seton v. Swann, 650 So.2d 35 (Fla. 1995). The trial judge did not find that the fence was standing before 1939.
The final judgment nevertheless recognized the fence line as the true boundary, finding it “was established by consent, acquiescence, long usage, or implied agreement for more than 40 years.” The trial court concluded that Todd, a recent purchaser, was *694 “estopped from challenging that line.” We do not doubt the continued availability of equitable estoppel and boundary by acquiescence, see Shultz v. Johnson, 654 So.2d 567 (Fla. 1st DCA 1995), or the ability of landowners to establish a boundary by agreement, see McDonald v. Givens, 509 So.2d 992 (Fla. 1st DCA 1987), even after the Seton decision. But these questions were not at issue under the pleadings because the Kents never raised any defense other than adverse possession under color of title. No mention of agreement, express or implied, or of acquiescence in a claim to a disputed boundary was made until after the evidence was closed. In the circumstances, we are obliged to reverse.
Reversed and remanded.
BOOTH, JOANOS and BENTON, JJ., concur.