702 So.2d 620 (1997)
Ruby KIRKLAND, Appellant,
v.
Robert E. MILLER, Trustee, Sportsmen's Resort Clubs, Inc., and Kenneth Smith, Appellees.
No. 96-4248.
District Court of Appeal of Florida, Fourth District.
December 17, 1997.
John R. Hart and Henry S. Wulf of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., West Palm Beach, for appellant.
Robert E. Miller of Robert E. Miller, P.A., Altamonte Springs, for appellees Robert E. Miller, Trustee, and Sportsmen's Resort Clubs, Inc.
POLEN, Judge.
Ruby Kirkland appeals a final judgment of ejectment in favor of attorney Robert Miller and Sportsmen's Resort Clubs, Inc. (Sportsmen's), original owner of the subject real property. The trial court found ejectment a proper remedy based on its determination Kirkland acquired only a beneficial interest in an Illinois land trust. It concluded the interest constituted personal property, not real property, such that a foreclosure action was unnecessary. The court found Kirkland's rights were governed by Article 9 of the Uniform Commercial Code, section 679.01, Florida Statutes (1985), rather than by Chapter 697. We reverse.
Miller became trustee of the trust in which the subject property was placed on January 10, 1986, acquiring legal and equitable title to the subject property, while the trust beneficiary, Sportsmen's, and its principal, Mary Shearer (the "owners" of the property), retained a beneficial interest only. On May 1, 1986, a one-hour closing took place during which Miller explained to Kirkland, a first-time home purchaser, the several documents he had prepared. These documents included a Contract purporting to evidence Sportsmen's sale of the beneficial interest in the land trust to Kirkland and her co-purchaser, Jeanne Thompson, for a purchase price of $40,000. Kirkland and Thompson also executed a collateral security agreement in which they assigned the beneficial interest back to Miller and Shearer as security for the $40,000 indebtedness evidenced by a promissory note. The closing statement refers *621 to the $40,000 debt as a "Purchase Money Mortgage" and includes a charge for "State Documentary Stamps on Deed."
Kirkland and Thompson were to make monthly payments to Sportsmen's and Shearer over a twenty year period. If Kirkland or Thompson defaulted on payment of the note, another document provided for automatic assignment of 100% of their beneficial interest to Sportsmen's. In the event of default Miller and Shearer were required to "sell the property under this trust at public or private sale," and after satisfying costs and fees, remit the balance of any sale proceeds to Kirkland and Thompson. Kirkland believed she executed a mortgage.
Significantly, Miller testified the transaction was structured as an "Illinois land trust" to accommodate the seller's desire to avoid foreclosure proceedings in the event Kirkland defaulted:
Q. [By Kirkland's Counsel]: The purpose of this Illinois land trust closing you've described in this particular transaction, sir, was, in large part, to avoid a foreclosure if Miss Kirkland defaulted?
A. [By Mr. Miller]: Absolutely not. It's one of the reasons for the transaction.
Q. One of the primary reasons, correct?
A. I can give you three or four reasons.
Q. But it is one of the reasons?
A. Yes, sir, it is one of the reasons.
Q. And it was one of the reasons why it was utilized in this case with Miss Kirkland, correct?
A. From the seller's side, yes, that would be the reason.
Q. And you were representing the seller?
A. Yes.
Q. You weren't looking at Miss Kirkland's interest in this, correct?
A. That's true, but the buyer obtained a benefit as well.
Q. From the seller's standpoint it was to avoid foreclosure, your clients?
A. Yes.
Section 697.01, Florida Statutes (1985), provides:
697.01 Instruments deemed mortgages.-
(1) All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.
§ 697.01, Fla. Stat. (1985) (emphasis supplied).
Pursuant to this section, "an instrument must be construed as a mortgage if, when taken alone or in conjunction with surrounding facts, it appears to have been given for the purpose of securing the payment of money." Hialeah, Inc. v. Dade County, 490 So.2d 998 (Fla. 3d DCA 1986) (citing Cinque v. Buschlen, 442 So.2d 1034 (Fla. 3d DCA 1983) (finding tenant's sale of leasehold interest to purchaser constituted mortgage where agreement provided for acceleration of payments and reversion to tenant of right of possession on default)). "Whenever property belonging to one person is held by another as security for an indebtedness of the other, the transaction is in effect a mortgage." Williams v. Roundtree, 478 So.2d 1171 (Fla. 1st DCA 1985) (citing Rosenthal v. Le May, 72 So.2d 289 (Fla.1954) (stating whether a transaction is in fact a sale or a mortgage depends on the intention of both parties as shown by all surrounding circumstances)).
Although Florida will recognize a valid Illinois land trust, Magnuson v. Jones, 491 So.2d 1315 (Fla. 5th DCA 1986), the transaction at issue here was not a valid Illinois land trust; it was a mortgage securing indebtedness. It is uncontradicted the sellers and Kirkland each intended that the conveyance would secure the payment of money, as provided in section 697.01, Florida Statutes (1985). In the event of default, Kirkland's interest in the property automatically reverted to Sportsmen's. Under these circumstances, *622 the transaction "shall be deemed" a mortgage subject to the rules of foreclosure.
REVERSED and REMANDED.
GLICKSTEIN and GROSS, JJ., concur.