830 So.2d 963 (2002)
Harry BUSH, James Wray Bush, Arnold Bush, Jr. and Cecelia Lewis Thomas, as Personal Representative of the Estate of Clara S. Thomas, deceased, Appellants,
v.
Carl A. GRASSWICK and James E. Grasswick, Appellees.
No. 1D01-4854.
District Court of Appeal of Florida, First District.
November 25, 2002.
Bert Moore, Niceville, for Appellants.
James W. Middleton, Ft. Walton Beach, for Appellees.
BARFIELD, J.
The plaintiffs in a real property boundary dispute appeal a final summary judgment for the defendants. We affirm.
The decision in this case is controlled by Seton v. Swann, 650 So.2d 35 (Fla.1995). When the Florida Supreme Court in Seton expressly disapproved this court's decision in Bailey v. Hagler, 575 So.2d 679 (Fla. 1st DCA 1991), it disapproved the rationale employed by the Fourth District Court of Appeal in Sapp v. Anderson, 673 So.2d 569 (Fla. 4th DCA 1996), cause dismissed, 680 So.2d 424 (Fla.1996). We affirm the trial court and disagree with Sapp.
KAHN, J., concurring.
BROWNING, J., concurring in result only with separate opinion.
*964 BROWNING, J., Concurs in Result Only with Separate Opinion.
I am compelled to follow Seton, but it seems to me that it should not control this case's disposition, and that the Fourth District Court of Appeal's decision in Sapp, decided after Seton, is correct.
In Seton the court considered a title claim based on adverse possession under section 95.16, Florida Statutes (1991) and (1975). The Setons' adverse claim commenced in 1984 under section 95.16, Florida Statutes (1975), which provided that a written instrument describing property contiguous to the disputed property that is protected by a substantial enclosure constitutes color of title to the disputed property for adverse possession purposes. However, in 1987 the Legislature amended section 95.16, Florida Statutes (1975), and eliminated the provision that color of title extended to contiguous lands protected by a substantial enclosure. See Ch. 87-194, § 1, at 1255, Laws of Fla. Accordingly, as the Setons' claim had not been perfected by adverse possession of seven years before the amendment of section 95.16, Florida Statutes (1975), in 1987 their claim was correctly denied. However, the court did not stop there, and unfortunately, in language not necessary to decide Seton, it quashed Bailey in a manner that compels this court to affirm an incorrect judgment for Appellees here.
In Bailey, disputed property lying contiguous to property described by written instrument and protected by a substantial enclosure had been adversely possessed since 1975. Under section 95.16, Florida Statutes (1975), Mrs. Bailey perfected title to the disputed property by adverse possession of seven years' duration. The amendment of section 95.16 in 1987 had no effect on her title so perfected, a vested right. Wiley v. Roof, 641 So.2d 66 (Fla. 1994); Wilson v. Tanner, 346 So.2d 1077 (Fla. 1st DCA 1977); State v. City of Miami, 153 Fla. 644, 15 So.2d 449 (1943). Thus, the facts in Bailey clearly support Mrs. Bailey's claim based on her seven years of adverse possession, in contrast to the Setons, who proved three years of adverse possession only, and not seven years as required to perfect title. Here, Appellants, like Mrs. Bailey, claim title based upon seven years of adverse possession that resulted in their perfection of title prior to the repeal of section 95.16 in 1987. This creates a genuine issue of disputed facts that precludes entry of the trial court's summary judgment. Nevertheless, as the court in Seton expressly disapproved Bailey, we cannot now properly apply its correct rationale to the instant case under the doctrine of stare decisis.
In Sapp the Fourth District Court of Appeal was not faced with a specific disapproval of one of its decisions, as this court was in Bailey, and applied in my view the correct rule and stated:
Without reciting the history of how each party acquired their purported interest in the property in dispute, we note that [the] issue before us is whether the trial court properly applied the version of section 95.16, Florida Statutes (1975), that was in effect from January 1, 1975, to January 1, 1988. We agree with the trial court that the old version of the statute was correctly applied, because the appellee's interest in the disputed parcel had already accrued by adverse possession prior to the 1987 amendment. See Seddon v. Harpster, 403 So.2d 409 (Fla.1981).
Sapp, 673 So.2d at 570 (emphasis added). This result, while correct, directly conflicts with our decision, here and was in Seton, as it applies to the disapproval of Bailey.
Accordingly, I concur despite my firm opinion that the result is incorrect for the *965 reasons stated. Hopefully, this conflict will be resolved so that Appellant and litigants similarity situated will not be treated incorrectly and differently from litigants in other judicial districts.