# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0124
Lower Tribunal No. 22-304-K
_____


**Richard L. Pesce, et al.,**
Appellants,

vs.

**Wade Morgan,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

The Smith Law Firm, and Wayne LaRue Smith and Brett Tyler Smith and Ashley N. Sybesma (Key West), for appellants.

Mitchell J. Cook, P.A., and Mitchell J. Cook, for appellee.


Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

In this appeal, Richard and Deborah Pesce contend that the trial court improperly dismissed with prejudice their amended complaint seeking adverse possession of a certain portion of land adjacent to their property, owned by their neighbor, Wade Morgan. While we review an order granting a motion to dismiss de novo, we review the trial court's granting of dismissal with prejudice versus without prejudice under an abuse of discretion standard. See Sousa v. Zuni Transp., Inc., 286 So. 3d 820, 821 (Fla. 3d DCA 2019) (setting forth de novo review of an order granting a motion to dismiss); see also Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So. 2d 679, 680 (Fla. 1st DCA 1982) (holding that "the trial court abused its discretion in dismissing the complaint with prejudice" and explaining that leave to amend is proper "unless there has been an abuse of the amendment privilege, or the complaint shows on its face that there is a deficiency which cannot be cured by amendment").

In sum, the Pesces argue that their adverse possession claim refers to a prior version of the operative statute, section 95.16, Florida Statutes.[1] The

---

[1] Section 95.16(1), Florida Statutes [effective July 10, 1995], provides, in relevant part, "Adverse possession commencing after December 31, 1945, shall not be deemed adverse possession under color of title until the instrument upon which the claim of title is founded is recorded in the office of the clerk of the circuit court of the county where the property is located."

The chapter law, as consolidated in 1974, reads as follows:

2

Pesces contend that under that prior version of the law, the trial court erred in dismissing the matter with prejudice, because even though they concede that the operative complaint wasn't a model of clarity, further amendment wouldn't be futile. Further, the Pesces argue, the trial court improperly relied on <u>Seton v. Swann</u>, 650 So. 2d 35, 38 (Fla. 1995), in determining that the lack of a written instrument upon which the claim of title is founded proved fatal to the claim for adverse possession. Specifically, the Pesces claim that under the prior version of the statute, such a written instrument isn't necessary under the particular facts of this case involving property contiguous to the described land and protected by a substantial enclosure.

---

95.16 Real property actions; adverse possession under color of title. . . .
Adverse possession commencing after December 31, 1945 shall not be deemed adverse possession under color of title until the instrument upon which the claim of title is founded is recorded in the office of the clerk of the circuit court of the county where the property is located.

95.17 Extent of possession
Property is deemed possessed in any of the following cases:
(1) When it has been usually cultivated or improved; or
(2) When it has been protected by a substantial enclosure. All contiguous land protected by the enclosure shall be property included within the written instrument, judgment, or decree, within the purview of Section 95.16 . . . .

Ch. 74–382, §§ 11–12, Laws of Fla.

3

Therefore, the Pesces argue, Seton is inapplicable. But we need not decide if the Pesces are right as a matter of law. We must only decide whether the trial court abused its discretion in dismissing the claim with prejudice. Based on a review of the record, we cannot say the trial court abused its discretion.

Here, we have no record of the proceedings. So, to determine whether the Pesces properly preserved the argument against dismissal with prejudice for appellate purposes, we are left with the amended complaint, and any relevant motion, response, or order thereon to determine what was presented to the trial court. In reviewing the record on appeal, nothing indicates that such an argument as made in the appeal was made to the trial court. "For an issue to be preserved for appeal, it must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation." Holland v. Cheney Bros., Inc., 22 So. 3d 648, 649–50 (Fla. 1st DCA 2009). The sole reference to "prior law" and the unelaborated citation to Dadd v. Houde, 176 So. 3d 347 (Fla. 3d DCA 2015), in the amended complaint fails to preserve the argument on appeal pertaining to a cause of action for adverse possession under color of title pursuant to the version of section 95.16, Florida Statutes, in effect beginning on January 1, 1975. Absent a transcript of the hearing, or an indicia in the order on appeal that the Pesces alerted the trial court as to why a colorable

4

claim may result from amendment, we are constrained to affirm the order on review.

      Affirmed.