# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0646
Lower Tribunal No. 20-25433-CA-01
_____


**Harry Stallworth and Patricia Stallworth,**
Appellants,

vs.

**Legacy Rentals, LLC,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Orlofsky Law Firm, P.L., and Alexander S. Orlofsky, for appellants.

Law Office of Ray Garcia, P.A., Ray Garcia, and Nataline Garcia, for appellee.


Before SCALES, GORDO and GOODEN, JJ.

PER CURIAM.

The Appellants Harry and Patricia Stallworth purchased property in 1987. There was a vacant lot behind the property that was owned and maintained by Camillus House. At the time, there was a chain link fence separating certain areas—but located on Camillus House's property. At some point, the Stallworths replaced the chain link with a wood fence.

In 2020, the Appellee Legacy Rentals, LLC purchased the vacant lot from Camillus House. Shortly thereafter, Legacy Rentals received a notice of a code violation for the wooden fence. It attempted to remove the fence. But the Stallworths sought emergency injunctive relief claiming adverse possession of the area within the wood fence.

Legacy Rentals moved for summary judgment alleging the absence of evidence to support a claim for adverse possession. See In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 193 (Fla. 2020); Celotex Corp. v. Catrett, 477 U.S. 317, 323–25 (1986). The trial court agreed and entered final summary judgment for Legacy Rental. This appeal followed.

Because we similarly find that the Stallworths did not establish all necessary elements to prove adverse possession, we affirm. See § 95.16, Fla. Stat. (1994); Douglass v. Aldridge, 105 So. 145, 146 (Fla. 1925) ("[T]he possession must have been for the full statutory period, under claim of right or color of title, and must have been actual, open, visible, notorious,

2

continuous, and hostile to the true owner and to the world at large."); <u>Turner v. Wheeler</u>, 498 So. 2d 1039, 1042 (Fla. 1st DCA 1986) ("It is essential to a finding of adverse possession that the possessor's use *not* be permissive. Actual use is presumed permissive and the user has the burden to demonstrate that his use was without permission. Permissive use can become adverse, but only upon clear, positive and distinct notification of the owner by the permissive user that he is claiming the property other than by permission.") (internal citation omitted).

Affirmed.