429 So.2d 407 (1983)
James W. McDONALD and Jeannie B. McDonald, Appellants,
v.
Elsie O'STEEN, Appellee.
No. AN-483.
District Court of Appeal of Florida, First District.
March 29, 1983.
*408 Gary D. Grunder, High Springs, for appellants.
John F. Roscow, III, of Scruggs & Carmichael, Gainesville, for appellee.
WENTWORTH, Judge.
This is an appeal from a summary final judgment entered in favor of the defendant in a suit for quiet title. The dispute involves the boundary between adjacent parcels of property owned by the parties. We affirm.
The judgment established an "old fence line" as the true boundary between appellants' property and appellee's property. A survey introduced by appellants indicated that the boundary as described in the parties' deed is some distance to the east of the old fence line. The complaint alleged that appellee claimed "some unknown right, title or interest" in the strip east of the fence and west of the survey line.[1] Appellee's answer asserted affirmative defenses, claiming title to all property east of the old fence line on alternative theories of (1) adverse possession, (2) acquiescence or (3) agreement.[2] The trial court found that each of these defenses was independently sufficient to defeat appellants' claim.
The parties' common grantor first conveyed the eastern half of what was then a forty-acre tract to appellee's predecessor in title, Mr. Belflower, in 1922. In support of her motion for summary judgment, appellee relied on an affidavit which stated that the old fence line was the same fence which was used by the Belflowers in the nineteen twenties. The affiant had worked on the farm in those days, including mending the old fence, and the Belflowers' farming operations had included all the land up to the fence. At some point, one of appellants' predecessors had erected a new fence some sixteen feet west of the old fence because, even though the old fence was recognized as the boundary, it was difficult to erect a new fence on exactly the same line.
The Belflowers conveyed the eastern tract to appellee in 1949. The western tract, appellants' property, was first conveyed by the common grantor in 1932, and was conveyed numerous times between then and 1979 when appellants bought it. In 1931 and 1933, tax certificates were issued on the western tract. In 1940, a tax deed was issued to the McKinneys. Appellants contend that the western tract is Murphy Act[3] land due to the existence of the outstanding tax certificates for more than two years prior to the passage of the act. Thus, according to appellants, any interest appellee or her predecessors may have acquired *409 in the western tract through adverse possession was cut off by the 1940 tax deed.[4] Appellants recognize that if the old fence line was established as the boundary by acquiescence or agreement, the tax deed did not affect it,[5] but they argue that the requirements for establishing such a boundary have not been met in this case.
The requirements for establishing a boundary by acquiescence have been stated as: (1) the existence of some dispute implying a cognizance by both parties that the true boundary is in doubt, and (2) continued occupation and acquiescence in a line other than the true boundary for a period longer than the statute of limitations. King v. Carden, 237 So.2d 26 (Fla. 1st DCA 1970). Clearly the second element was established in this case. Appellee and her predecessor Belflower had occupied the land up to the fence, while appellants' predecessors had acquiesced in that use. The existence of the first element is less obvious. Direct evidence that the true boundary was in doubt at the time the fence line was established is, of course, sparse. However, the fence was established at a time when the original grantor still owned the western tract, and we find that under the circumstances of this case the placement and duration of the fence itself, absent other explanation for its specific location, evidence the requisite doubt or uncertainty necessary to establish a boundary by acquiescence. See DeRoche v. Winski, 409 So.2d 41 (Fla. 3d DCA 1982); Williams v. Johntry, 214 So.2d 62 (Fla. 1st DCA 1968). Since the boundary was established by acquiescence prior to 1940, the issuance of the tax deed did not destroy the prior established boundary. Euse v. Gibbs, 49 So.2d 843 (Fla. 1951). Because we affirm the finding that the old fence line is the established boundary, the remaining points on appeal, pertaining to adverse possession and res judicata,[6] are moot.
Affirmed.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Appellants own the western tract; appellee owns the eastern tract.
[2] Appellee also raised a statute of limitations defense (§ 95.12, Florida Statutes) and asserted that the action was barred by res judicata since appellants' predecessors had lost an ejectment suit against appellee based on substantially the same allegations.
[3] Chapter 18296, Laws of Florida (1937); § 197.381, Florida Statutes (1981).
[4] To reacquire title to the property by adverse possession after 1940, appellee would have had to return the land for taxes or claim under color of title. See Chapter 19254, Laws of Florida (1937); cf., Porter v. Lorene Investment Co., 297 So.2d 622 (Fla. 1st DCA 1974). Because the record reflects a dispute over these facts, summary judgment finding adverse possession would not have been proper. However, the issue is rendered moot by the holding in this case.
[5] Euse v. Gibbs, 49 So.2d 843 (Fla. 1951).
[6] See footnote 2.