455 So.2d 596 (1984)
SANLANDO SPRINGS ANIMAL HOSPITAL, INC., et al., Appellants/Cross Appellees,
v.
Thomas W. DOUGLASS, Etc., et al., Appellees/Cross Appellants.
No. 83-1290.
District Court of Appeal of Florida, Fifth District.
September 6, 1984.
Michael J. Appleton of Graham, Marlowe & Appleton, Winter Park, for appellants/cross appellees.
Kenneth M. Beane, Casselberry, for appellees/cross appellants.
FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal from a final judgment awarding damages and costs and requiring them to remove improvements encroaching upon property which the court found was *597 owned by appellees. The facts of this case are unusual for a boundary dispute because the parties who originally established the line do not dispute its location.
The record reflects that in 1971, appellants purchased land from Albert Harris on which to build a veterinary hospital. To satisfy set-back requirements, they needed a slightly larger piece of land. Harris agreed to sell them what they required. Appellants ordered a survey and Harris agreed to relocate an existing fence along the new boundary. In relocating the fence, Harris apparently did not place it on the line shown in the survey resulting in an encroachment of some 110 square feet.
Appellants built their hospital and paved their land for parking. On the rear of their property, they built a concrete block building part of which extended onto Harris' land as did the paved parking lot. When the litigation commenced, this condition had existed for eight years. In all that time, Harris never claimed a right to any portion of the land used by appellants.
In 1978, appellees became interested in purchasing Harris' land. Harris showed them the property and told them the fence was located on the line between his land and the appellants' property. Since Harris was unaware of any encroachment, the 110 square feet occupied by the appellants was conveyed to the appellees as part of the lands described in the deed.
After appellees took title, they obtained a survey and learned of the encroachment. They then demanded that appellants vacate. Appellants refused, suit was filed, and the trial court ordered the removal of all encroachments and awarded damages. The basis for the court's decision was not recited in the judgment. Appellants appealed this judgment and appellees cross-appealed the court's denial of damages for a sign. Because of our disposition of the appeal, we need not reach the issue on cross-appeal.
While pleaded, appellants inexplicably abandoned their claim under adverse possession.[1] They did not argue this theory at the trial level nor has it been raised on appeal. Appellants argue only that a boundary was established either by agreement or by acquiescence. Appellees argue that the boundary was not established under either theory since both doctrines require some sort of "dispute" between the parties agreeing or acquiesing to the boundary. See Shaw v. Williams, 50 So.2d 125 (Fla. 1950); Seddon v. Edmondson, 411 So.2d 995 (Fla. 5th DCA 1982).
The requirement of a dispute does not mean that the parties have to be hostile to each another. The dispute can simply be an uncertainty as to the true location of the line. As stated in Brooks v. Fletcher, 393 So.2d 630, 631 (Fla. 4th DCA 1981), the elements necessary to prove a boundary by agreement are as follows:
(1) an uncertainty or dispute as to the boundary line;
(2) an agreement that a certain line will be treated as the true boundary line;
(3) the subsequent occupation of both properties according to such line as the true boundary. (emphasis added)
Here, appellants paid Harris to locate the fence on the boundary line as shown on the survey. Through the negligence of Harris, the fence was not placed on the correct line, although Harris stated that he located the fence where the survey "stobs" were and he personally checked their position against the dimensions shown on the survey and they checked out "to the inch." The uncertainty arose because neither Harris nor appellants knew the exact location of the line on the ground although it is clear they intended the fence as relocated to be along the line shown on the survey. The agreement between appellants and Harris was that Harris would put the fence where it was supposed to be. There is no conflict that both appellants and Harris thought the line was the true line and their actions in the following years corroborated this.
*598 Appellees, claiming under Harris, can have no better claim than Harris had because they were shown the fence and informed that it was the boundary. Appellees cannot, in good faith, claim lack of notice. Appellees received all the land that was shown to them and all the land that Harris intended to sell them.
We reverse and remand for entry of judgment for appellants.
REVERSED and REMANDED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] See Seddon v. Harpster, 403 So.2d 409 (Fla. 1981).