509 So.2d 992 (1987)
Nettie McDONALD, Appellant,
v.
Ossie Howard GIVENS and Doris Linnell Givens, Husband and Wife, Appellees.
No. BO-247.
District Court of Appeal of Florida, First District.
July 15, 1987.
*993 Kenneth R. Ridlehoover, Pensacola, for appellant.
Barry Z. Rhodes, Pensacola, for appellees.
ERVIN, Judge.
The appellant, Nettie McDonald, brought an action against the appellees, Ossie and Doris Givens (Givens), seeking to quiet and conform title to real property by establishing a boundary line between her property and the Givens' adjacent property. The complaint alleged that a boundary had been fixed by either the acquiescence or agreement of the parties. The trial court ruled that the evidence presented did not establish a boundary by acquiescence or agreement and that the surveyed boundary line, indicating that the property belonged to the Givens, was the correct boundary. We hold that the trial court erred in failing to find a boundary by acquiescence, and reverse.
McDonald claims certain real property leading up to a fence that has separated her property from appellees or appellees' predecessors for approximately 30 years. The fence had been erected by one of McDonald's predecessors in title and had remained there for at least 50 years. Since the erection of the fence, McDonald and her predecessors, as well as others residing in the area, had considered the fence to be the boundary between the two properties. In 1969, nearly thirteen years after McDonald obtained title to her property, the Givens became owners of certain real property adjacent to the southwest portion of McDonald's property. Upon coming into the property, the Givens had a survey prepared, which disclosed that the fence maintained by McDonald was encroaching upon the Givens' property as described in their deed and that the true boundary line was actually somewhat eastward of the fence line.
The only issue on appeal is whether the trial court erred in not finding a boundary by acquiescence. Two elements are necessary in order to establish a boundary by acquiescence: (1) a dispute from which it can be implied that both parties are in doubt as to the boundary, and (2) continued occupation and acquiescence in a line other than the true boundary for a period of more than the statute of limitations. King v. Carden, 237 So.2d 26 (Fla. 1st DCA 1970). In Shaw v. Williams, 50 So.2d 125 (Fla. 1950), the court held that a boundary by acquiescence could be established by either a dispute or uncertainty as to the location of the true boundary. Uncertainty means actual lack of knowledge on the part of both landowners of the true boundary. Id. at 128. Since no survey was conducted until 1969, it cannot be said that McDonald's or the Givens' predecessors in title were certain of the true boundary. Although there is no direct evidence that the actual boundary was in doubt at the time McDonald's predecessor erected the fence, this court has held that the placement and duration of the fence itself, absent another explanation for its specific location, is sufficient evidence of the requisite doubt or uncertainty to establish a boundary by acquiescence. McDonald v. O'Steen, 429 So.2d 407, 409 (Fla. 1st DCA 1983). See also Mark IX, Inc. v. Surette, 492 So.2d 745 (Fla. 1st DCA 1986) (the McDonald v. O'Steen holding is not limited to cases involving a common grantor).
The second element, continued occupation and acquiescence in a line other than the true boundary for the prescriptive period, is also supported by the record. Although the Givens themselves continually maintained that the true boundary line was east of the existing fence, there is no evidence before us that their predecessors in title ever disputed McDonald's  or any of her predecessors'  right to occupy the land up to the fence line. Since the fence was built and maintained for at least 30 years before the Givens acquired title, the prescriptive period of time necessary to establish *994 a boundary by acquiescence[1]  seven years  matured long before the Givens took possession of the adjacent property.
In that the evidence clearly supported McDonald's claim of title under the doctrine of boundary by acquiescence, the order of the trial court establishing the boundary between the properties in conformity with the 1969 survey is reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MILLS and WIGGINTON, JJ., concur.
NOTES
[1] Section 95.12, Florida Statutes (1985), provides: "No action to recover real property or its possession shall be maintained unless the person seeking recovery or his ancestor, predecessor, or grantor was seized or possessed of the property within 7 years before the commencement of the action."