566 So.2d 565 (1990)
Wilbert Lee JONES, Appellant,
v.
The HEIL Company, a Foreign Corporation, Appellee.
No. 89-3256.
District Court of Appeal of Florida, First District.
August 16, 1990.
Rehearing Denied September 28, 1990.
*566 Edmund D. Quintana of Burke & Blue, P.A. and Larry A. Bodiford of Hutto, Nabors, Bodiford and Warner, Panama City, for appellant.
John M. Fite and Timothy J. Sloan of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellee.
ALLEN, Judge.
Appellant, Wilbert Lee Jones, plaintiff below, appeals the final judgment entered following the trial court's directed verdict in favor of appellee, The Heil Company. We reverse and remand for a new trial, finding sufficient evidence in the record for jury consideration on the issues of negligence and strict liability. However, we find that the trial court did not err in excluding the testimony of a witness offered by appellant as an expert.
Appellant, a garbage collector, filed a products liability action against appellee, alleging negligence and strict liability arising from an incident which occurred on January 24, 1983. At the jury trial, appellant testified that on that date he and a co-worker loaded some boards into a garbage truck equipped with a Heil Collectomatic Mark IV refuse collection unit, which was manufactured and sold by appellee. According to appellant, shortly after the unit's compaction cycle was started and when he was approximately ten feet to the rear of the truck, a board flew out of the rear of the refuse collection unit and struck him on the left side of his face. As a result of this injury, appellant's left eye was blinded. Appellant also testified about an incident which had occurred a few months earlier. In the prior incident, appellant was struck by a part of a door expelled from the unit as appellant stood to the side of the truck.
Appellee's expert witness, Gerald Zanzig, testified that, as he designed the unit, boards would not be ejected from it the way appellant had described and that he believed there were alternative explanations for the incident. Zanzig further testified that he had considered putting a guard on the unit but concluded that it would be impractical. He acknowledged, however, that the American National Standards Institute (ANSI), a group of engineers in the industry which sets standards for products such as the one at issue in this case, considered a guard to be practical. Zanzig further conceded that appellee had installed a guard on another of its refuse units and that at least one competitor utilized such a guard.
At the conclusion of the testimony, the court granted appellee's motion for directed verdict, finding no evidence in the record of any defect or malfunction. We disagree with the court's ruling.
In reviewing the propriety of the trial court's directed verdict, this court must review the facts and inferences to be drawn in a light most favorable to appellant, *567 the nonmoving party. Gant v. Lucy Ho's Bamboo Garden, Inc., 460 So.2d 499 (Fla. 1st DCA 1984). The directed verdict can only be upheld if there is no evidence or reasonable inference which would support a jury verdict in appellant's favor. Id. at 501.
Applying this standard to the present case, we find that the trial court's entry of a directed verdict on appellant's negligence claim was erroneous. It was undisputed at trial that appellee, as the manufacturer of the unit in question, had a duty to design a reasonably safe product. It was also undisputed that appellant suffered injury. Although causation was questioned, we find sufficient evidence in the record from which a jury could conclude that the injury appellant suffered was, in fact, caused by a board which was ejected from the collection unit. Further, we find several points of evidence from which a jury could reasonably infer that appellee breached a duty to appellant by designing the unit without a guard. Appellee's expert acknowledged that he had considered utilizing a guard on the compactor, that ANSI had determined such a guard to be practical, that appellee, itself, had utilized a guard on a similar unit, and that a competitor equipped its collection units with a guard. These facts could lead a jury to conclude that the unit appellee manufactured was negligently designed for its failure to possess a guard which would block the expulsion of refuse when the unit's compaction cycle was operated. Therefore, considering these facts and drawing all inferences in a light most favorable to appellant, we hold that the trial court erred in directing a verdict in favor of appellee, inasmuch as reasonable inferences could be drawn to support a jury verdict in appellant's favor on the issue of negligent design.
We likewise find error with the court's directed verdict on the issue of strict liability. To succeed on his claim, appellant had the burden to demonstrate that the product was defective and that the defect existed when the manufacturer was in possession of the product, as well as when the accident occurred. Cassisi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981). In Cassisi, we approved the rule announced in Greco v. Bucciconi Engineering Co., 283 F. Supp. 978 (W.D.Pa. 1967), aff'd, 407 F.2d 87 (3rd Cir.1969), that "when a product malfunctions during normal operation, a legal inference which is, in effect, a mirror reflection of the Restatement standard of product defectiveness, arises, and the injured plaintiff thereby establishes a prima facie case for jury consideration."[1]Cassisi, 396 So.2d at 1148. The Greco court held that "`[a] malfunction evidences a defect.'" Cassisi, 396 So.2d at 1149, quoting, Greco, 283 F. Supp. at 984. Furthermore, the injured party is not required to negate the alternative explanations for his injury, id., and the inference need not be corroborated, as "the facts essential for the inference's application are simply proof of the malfunction during normal operation." Cassisi, 396 So.2d at 1150-51.
We hold that the rationale discussed in Cassisi applies to the instant situation. Appellee's expert conceded that there was nothing improper about placing boards in the collection unit. He also specifically stated that, based on his design, the unit would not expel boards in the manner appellant described. This, along with appellant's testimony concerning two occurrences in which objects were ejected from the truck, supports a reasonable inference that the unit malfunctioned during normal, expected operation. Therefore, under our holding in Cassisi, there was sufficient evidence presented to establish a prima facie case of product defectiveness for jury consideration of appellant's strict liability claim and, thus, for denial of appellee's directed verdict motion.
Interwoven with appellant's negligence and strict liability theories of recovery is his claim that appellee failed to adequately warn of the hazard which caused his injury. A warning appeared on the *568 refuse collection unit, but the wording of the warning was somewhat ambiguous, and the sufficiency thereof would clearly be a jury question. Nevertheless, appellee contends that no warning of the hazard was necessary, because appellant had actual knowledge of the hazard as a result of being struck by the door fragment several months prior to the incident which gave rise to this litigation. For the proposition that no liability exists upon a theory of failure to warn where the injured party had prior actual knowledge of the hazard, appellee relies upon cases such as Babine v. Gilley's Bronco Shop, Inc., 488 So.2d 176 (Fla. 1st DCA 1986), and Talquin Electric Cooperative, Inc. v. Amchem Products, Inc., 427 So.2d 1032 (Fla. 1st DCA 1983).
The cases cited by appellee involve allegations of failure to warn where the particular hazards were either obvious or were well known to the person who was injured. Here, the appellant's knowledge was limited to a single prior incident where he was struck while standing in an entirely different location; i.e., beside, rather than behind, the collection unit. Further, the objects propelled in the two incidents were entirely different. We find the cases cited by appellee to be clearly distinguishable and not applicable to the facts of the present case. Consequently, we find that the court also erred in directing a verdict on appellant's claim of failure to warn.
Since this case must be retried, we address one other issue which appellant raises. Appellant argues that the trial court erred in excluding the testimony of Joe Arnett, who was offered by appellant as an expert witness. We find the ruling on Mr. Arnett's qualifications to have been within the discretion of the trial court. Fotianos v. State, 329 So.2d 397, 401 (Fla. 1st DCA 1976).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] The Restatement standard essentially asks whether the ordinary consumer's expectations were frustrated by the product's failure to perform under the circumstances in which it actually failed. Cassisi, 396 So.2d at 1144-45.