591 So.2d 665 (1991)
HORIZON SOUTH MASTER HOME OWNERS ASSOCIATION, INC. and SUCO, Inc., Appellants,
v.
Walter B. WEST and wife, Diana J. West, and Velma E. West, Appellees.
No. 91-379.
District Court of Appeal of Florida, First District.
December 20, 1991.
*666 Jack G. Williams, Panama City, for appellants.
Douglas L. Smith of Johnston, Harris, Gerde & Jelks, P.A., Panama City, for appellees.
WEBSTER, Judge.
Appellants, two of the three defendants below, seek review of a final order making permanent a temporary injunction, in what the parties and the trial court have chosen to treat as a boundary dispute. Concluding that one of the two arguments presented by appellants has merit, we reverse.[1]
In their amended complaint, appellees ("plaintiffs") named three defendants  SUCO, Inc.; South Atlantic Services, Inc.; and Horizon South Master Home Owners Association, Inc. Count I of the amended complaint, which is the only portion of the amended complaint relevant to this appeal, reads in its entirety as follows:
COUNT I
Plaintiffs sue the Defendants by this Count and allege:
1. This is an action to enforce a boundary by acquiescence between a parcel of land owned by the Plaintiffs and an adjoining parcel of land owned by the Defendants or anyone [sic] or more of them, located in Bay County, Florida.
2. The boundary by acquiescence lies, [sic] along the edge of the sidewalk which separates Plaintiffs' property from Defendants' parcel, which sidewalk appears in the photographs which are attached hereto as Exhibit "A".
3. Plaintiffs have continuously occupied the real property lying east of the boundary line, and the Defendants have continually acquiesced in the recognition of said boundary line, all for a period of more than seven (7) years.

*667 WHEREFORE Plaintiffs respectfully pray for the entry of a judgment against the Defendants, establishing de jure the boundary by acquiescence, as well as for the costs of this proceeding.
There is nothing in the record to indicate that any of the defendants was ever served; nor is there any indication that any defendant ever filed any type of motion, or an answer. (Likewise, there is no indication that plaintiffs ever sought or obtained a default against any defendant.)
Approximately two weeks after plaintiffs had filed their amended complaint, a hearing was held on a request by plaintiffs for a temporary injunction. (Count II of the amended complaint, which alleged that "Defendants or anyone [sic] or more of them" had "entered upon Plaintiffs' paved driveway and constructed a fence," requested temporary and permanent injunctions requiring defendants to remove the fence, on a trespass theory. It was the only count of the amended complaint which requested injunctive relief.) On the day of the hearing, the trial court entered a "Temporary Injunction" permitting plaintiffs to remove the fence at their expense; and enjoining appellants "from building any new fence or obstruction across Plaintiffs' exit driveway, until further order... ." (Certain photographs apparently received in evidence at the hearing were made a part of the record. However, because the transcript of the hearing has not been made a part of the record, and the "Temporary Injunction" does not refer to the photographs, we are left to conjecture as to what they are intended to represent.) The "Temporary Injunction" suggests that appellants presented testimony and submitted exhibits (none of which is included in the record), and states that appellants' counsel presented an argument.
The "Temporary Injunction" is remarkably short on findings of fact. Although it contains the conclusory language that "Plaintiffs have a clear legal right to the entry of a temporary injunction," it fails to state why that is the case, or the legal theory upon which the conclusion is based. It mentions neither trespass nor boundary by acquiescence. It makes no findings regarding ownership of the land upon which the driveway is situate. In fact, it does not contain so much as a suggestion that a dispute exists regarding appellants' right to erect the fence where it was placed.
More than six months after entry of the "Temporary Injunction," plaintiffs filed a motion for summary judgment against appellants. The only theory asserted in the motion which could possibly entitle plaintiffs to any relief (assuming that it was established by the undisputed facts) reads as follows:
3. The Defendants have no right to construct anything upon the Plaintiffs' business driveway as the Defendants have acquiesced to the boundary line, being between Defendants' sidewalk and the driveway, for more than seven (7) years.
The motion requests that the trial court enter "a Summary Judgment against Defendants, SUCO, INC., and HORIZON SOUTH MASTER HOME OWNERS ASSOCIATION, INC., making the ... Temporary Injunction permanent... ."
With the motion for summary judgment, plaintiffs filed an affidavit of plaintiff Walter B. West. (The record contains no other affidavits, and no discovery.) The only portions of that affidavit relevant to this appeal read as follows:
3. I have read Plaintiffs' Motion for Summary Judgment and find that all of the allegations contained therein are true.
4. The boundary by acquiescence mentioned in said Motion has existed for approximately seventeen (17) years.
The record contains what appear to be two letter memoranda addressed to the trial judge. The first is signed by appellants' attorney (although it contains no reference to whom he was purporting to represent when he wrote it); and the second is signed by plaintiffs' attorney. The two letters, read together, establish that the sole legal basis for summary judgment argued to the trial court was the existence of a boundary by acquiescence.
*668 The trial court eventually entered the final order which is the subject of this appeal, by which it permanently enjoined appellants "from further interfering with the existing fence across Plaintiff's [sic] exit driveway, in any manner whatsoever, whether directly or indirectly, and from building any new fence or obstruction across Plaintiffs' exit driveway... ." The sole attempt to provide a legal justification for the order entered is found in the following language: "Under the doctrine of boundary by acquiescence, the Plaintiffs were entitled to the relief which this Court granted and which the Plaintiffs have now physically obtained." Nowhere in the order is there any indication as to what the undisputed facts might be which established a boundary by acquiescence as a matter of law; or for that matter, why the legal doctrine of boundary by acquiescence had any application to the action.
One seeking a summary judgment must successfully carry a considerable burden. "The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). Moreover, "[u]ntil it is determined that the movant has successfully met this burden, the opposing party is under no obligation to show that issues do remain to be tried." Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966). Because the only legal theory presented in plaintiffs' motion for summary judgment was boundary by acquiescence, plaintiffs were required to establish conclusively that no issue of material fact existed as to any element of that doctrine; and that they were entitled to a judgment as a matter of law. If the record "is silent on a determinative issue of fact," then plaintiffs have failed to carry their burden, and the final order must be reversed. Shores v. Wegmann, 370 So.2d 87, 88 (Fla. 1st DCA 1979).
The essential elements which must be proved to establish a boundary by acquiescence are: (1) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in that location for the prescriptive period. Shaw v. Williams, 50 So.2d 125 (Fla. 1950); Bailey v. Hagler, 575 So.2d 679 (Fla. 1st DCA 1991). Therefore, to be entitled to the summary judgment they requested, plaintiffs had to establish the existence of each of these elements by undisputed facts. However, examination of the amended complaint and the affidavit of plaintiff Walter B. West (the only two relevant documents contained in the record) reveals that both are silent as to the first two elements; and that they contain only legal conclusions, unsupported by recitations of "fact," as to the third element. In fact, there is not even anything in the record from which one might draw a conclusion regarding who was the owner of the adjoining parcel of real property; i.e., against whom plaintiffs were attempting to assert their claim to a boundary by acquiescence. (It is, indeed, difficult to comprehend how such a claim might be permitted to proceed to judgment without knowing who the proper defendant was; or, for that matter, whether that party was even before the court.) Therefore, it is clear that the trial court's final order granting plaintiffs' motion for summary judgment and entering a permanent injunction must be reversed, and the case remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ALLEN and KAHN, JJ., concur.
NOTES
[1] Appellants first argue that the final order must be reversed because appellees failed to join an indispensable party  South Atlantic Financial Services, Inc.  which appellants assert in their briefs "is the fee simple owner" of the real property adjoining appellees. According to appellants (as well as to logic and common sense), a court may not resolve a boundary dispute unless all of the owners of the parcels of real property involved are before the court. Despite the obvious logic of appellants' argument, however, it fails to carry the day on this appeal for two reasons. Appellants never raised failure to join an indispensable party in the trial court. Therefore, they may not do so on appeal. See Ivens Corp. v. Hobe Cie Ltd., 555 So.2d 425 (Fla.3d DCA 1989), review denied, 564 So.2d 1086 (Fla. 1990); Engel Mortgage Co., Inc. v. Dowd, 355 So.2d 1210 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 130 (Fla. 1978). Even if this issue could be raised for the first time on appeal, appellants' argument would be unavailing, because there is nothing in the record to substantiate appellants' representation that South Atlantic Financial Services, Inc., owned the property adjoining appellees'. In fact, there is nothing in the record from which one might determine who owned that property.