MICKLE, Judge.
This is an appeal from a partial summary judgment and final judgment entered in favor of appellee in an action for declaratory judgment. Concluding that summary judgment was entered prematurely in this cause, we reverse and remand.
In February 1992, appellee filed an action in circuit court requesting a declaratory judgment. Appellee alleged that it was the lessee of certain property known as the Blackwater River State Forest pursuant to a 99-year lease entered into with the Board of Trustees of the Internal Improvement Fund dated November 1968, and that a survey taken in 1984 revealed that appellants were using and/or otherwise claiming ownership of portions of the subject property.[1] Appellee alleged the existence of an actual dispute as to the boundary separating the leased premises from the property of appellants and requested that the boundary lines be declared to be as described in the 1984 survey.
Appellants answered the complaint, admitting the existence of the 1984 survey but denying its correctness. In addition, appellants asserted the following affirmative defenses: (1) that there was an agreement dating back to 1924 among appellants’ predecessors in title that a certain fence line constituted the boundary separating the subject property to the west and to the north and that such boundary was acquiesced in by the subsequent owners, and (2) that appellee, subsequent to obtaining title, acquiesced in said boundary. Appellee filed a response denying the affirmative defenses.
Thereafter, appellee filed a motion for summary judgment on the basis that (1) eminent domain proceedings conducted by the United States of America in 1938 as to the subject property vitiated any boundaries allegedly established by any prior agreement or acquiescence by predecessors in title, and (2) appellee, as a governmental entity, is unable to establish boundaries to public lands by agreement or acquiescence. Attached to the motion for summary judgment was the affidavit of William Helm, Jr., Chief of Forest Management. Helm attested that (1) title to the subject property was conveyed to Florida by the United States of America on November 4, 1955, (2) since that date the property has been a part of the Blackwater River State Forest, and (3) since that date the property has been used exclusively for public purposes.
Following a hearing on the motion, the trial court entered a partial summary judgment in favor of appellee finding in pertinent part that (1) in 1938 the subject property was acquired by the United States of America through eminent domain proceedings free and clear of any oral or implied agreement made by predecessors in title as to boundaries separating the subject property from adjoining parcels, (2) in 1955 the subject property was conveyed by the United States of America to the State of Florida, and (3) boundaries may not be established through acquiescence against the United States of America or the State of Florida, since the land has been held in trust for all of the people and portions of such land may not be forfeited to adjoining landowners through the action or inaction of governmental employees.
The cause proceeded to non-jury trial on the issue of the correctness of the survey, *804 following which the trial court entered a final judgment finding the 1984 survey to be proper and declaring the boundary of the subject property to be as set forth therein.
The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. Moore v. Morris, 475 So.2d 666 (Fla.1985); Horizon South Master Home Owners v. West, 591 So.2d 665 (Fla. 1st DCA 1991). If the record is silent on a determinative issue of fact, then the party moving for summary judgment has failed to carry its burden. West.
In entering summary judgment herein, the trial court essentially found appellants’ affirmative defenses to be legally insufficient as a matter of law. On the record before it, which consisted of the pleadings and the affidavit of William Helm, Jr., the trial court, discerning no disputed issues of fact, determined that via the eminent domain proceedings in 1938, the United States had taken title free and clear of any boundary agreement made by the predecessors in title and that the boundaries asserted by appellants could not be established through acquiescence by the government. In reaching this conclusion, the court resolved matters not ripe for summary adjudication.
 First, appellants, via their affirmative defenses, traced their rights to the property back to 1924. There is no evidence that appellants, or their predecessors in title, were made parties to the subsequent 1938 eminent domain proceedings. Disputed issues of material fact exist regarding what procedures were followed with regard to the 1938 eminent domain proceeding, the legal effect of the condemnation, and whether the legal owners were noticed. Second, the affirmative defenses herein were based on the actions of property owners occurring prior to the acquisition of title by the United States to the property in 1938. Appellants did not allege that appellee was the original acquies-cor to the asserted boundaries. Rather, appellants asserted that in 1924, predecessors in title acquiesced to a certain boundary which was later recognized by the government. The issue then becomes not whether a governmental entity can itself acquiesce to a boundary, but rather whether a governmental entity can later be bound as a successor in interest and therefore take the property subject to a previously acquiesced-to boundary. Appellants herein were never provided the opportunity to prove up their theory of boundary by acquiescence.
Because disputed issues of fact remain unresolved, the trial court’s partial summary judgment and ensuing final order must be reversed, and the case remanded for further proceedings.[2]
REVERSED and REMANDED.
BOOTH and WOLF, JJ., concur.

. Appellants John Robert Evers and Jequita Ev-ers are adjoining landowners to the west, and appellants Hattie Martin Atkins, Annie Laura Jones, and Mildred Clark are adjoining landowners to the north.

. In light of our disposition herein, we do not address the remaining issues on appeal.