654 So.2d 567 (1995)
Janice SHULTZ, Appellant,
v.
Barbara F. JOHNSON, Appellee.
No. 93-3764.
District Court of Appeal of Florida, First District.
March 14, 1995.
Rehearing Denied May 17, 1995.
*568 David G. White, Pensacola, for appellant.
Michael Gibson of Johnson, Green & Locklin, P.A., Milton, for appellee.
MICKLE, Judge.
This cause is before us on appeal following a jury trial in a suit to establish a boundary between lands owned by the parties. The issues presented are (1) whether the trial court erred in directing verdicts in favor of the defendant on plaintiff's claims of boundary by acquiescence and boundary by agreement; (2) whether the trial court erred in vacating the jury verdict in favor of plaintiff on the claim of adverse possession and in ordering a new trial; and (3) whether the trial court erred in allowing testimony regarding statements made by defendant's deceased father. We affirm in part, reverse in part, and remand.
Janice Shultz filed a complaint in circuit court seeking primarily the ascertainment of a boundary line. She alleged essentially that a fence placed along the northern portion of her property by her predecessors in title had continuously been recognized and acknowledged as the boundary line between her property and Barbara Johnson's adjacent property to the north, and that Johnson was unlawfully encroaching onto a portion of Shultz's property south of this boundary line. Shultz sought recovery under the theories of boundary by agreement, boundary by acquiescence, and/or adverse possession (between 1975-1987). Johnson denied the essential allegations of the complaint and the cause proceeded to jury trial.
At the conclusion of the trial, Johnson moved for a directed verdict as to all theories of recovery. The trial court granted the motion with regard to the theories of boundary by acquiescence and boundary by agreement, concluding there was insufficient evidence of a dispute or mutual agreement, respectively. The court ruled, however, that there was sufficient evidence to submit the claim of adverse possession to the jury. The jury returned a verdict in favor of Shultz on the adverse possession claim.
Johnson filed a motion to vacate the jury verdict and for entry of a judgment in accordance with her earlier motion for directed verdict, as well as a motion for new trial. In support thereof, Johnson argued in part that Shultz had failed to prove the elements of adverse possession and that the verdict was contrary to the manifest weight of the evidence. Upon consideration, the trial court granted the motion, set aside the jury verdict, and ordered a new trial. As grounds, the court found that Shultz had failed to introduce clear and convincing evidence that the disputed property was protected by continuous substantial enclosure for seven years between 1975-1987.
We address first the entry of the directed verdicts on the theories of boundary by acquiescence and agreement. Lands may be acquired through the conduct of adjacent property owners through equitable estoppel, under the principles of boundary by agreement and boundary by acquiescence. King v. Carden, 237 So.2d 26 (Fla. 1st DCA 1970). The following elements are necessary to establish boundary by acquiescence: (1) a dispute or uncertainty as to the location of the true boundary, implying a cognizance by both parties that the true boundary is in doubt; (2) location of a boundary line by the parties; and (3) the continued occupancy of, and acquiescence to, a line other than the true boundary line for a period of more than seven years. Horizon South Master Home Owners v. West, 591 So.2d 665 (Fla. 1st DCA 1991); McDonald v. Givens, 509 So.2d 992 *569 (Fla. 1st DCA 1987); Mark IX, Inc. v. Surette, 492 So.2d 745 (Fla. 1st DCA 1986); McDonald v. O'Steen, 429 So.2d 407 (Fla. 1st DCA 1983). In Shaw v. Williams, 50 So.2d 125 (Fla. 1950), the court defined "uncertainty" as an actual lack of knowledge on the part of both landowners of the true boundary. Id. at 128.
Johnson contends that the testimony of her witnesses clearly established there was no uncertainty as to the true boundary. We cannot agree with this view of the evidence. None of Johnson's witnesses testified with certainty regarding the location of the true boundary. Although several of her family members testified they knew the fence did not constitute the boundary, they could not pinpoint the true boundary. The Shultz family members testified that the fence in dispute had been constructed when the property was acquired by Lee Napoleon Shultz in 1936 and that it had been recognized since that date as the boundary between the two parcels. The Shultz family members conducted various activities (gardening, livestock, hunting) on the disputed property through the years. There was no evidence of any feud with regard to the disputed area up until the time of the instant action.
In reviewing the propriety of a directed verdict, an appellate court must view the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. A directed verdict can be upheld if there is no evidence or reasonable inference from the evidence supporting the non-moving party's position. Kirby v. OMI Corp., 561 So.2d 666 (Fla. 1st DCA 1990). If, however, there is some evidence or reasonable inference to support the position of the party against whom a directed verdict has been granted, the appellate court must reverse. Jones v. Heil Co., 566 So.2d 565 (Fla. 1st DCA 1990). In the case sub judice, we conclude that the evidence adduced at trial demonstrated the existence of the requisite element of uncertainty as to the location of the true boundary. Mark IX v. Surette; Shaw v. Williams. Considering the trial testimony, and drawing all inferences in a light most favorable to Shultz, we hold that the trial court erred in directing a verdict in favor of Johnson. The claim of boundary by acquiescence should have been submitted to the jury. Accordingly, we reverse the entry of a directed verdict on this theory of recovery.
The elements of boundary by agreement are (1) uncertainty or doubt as to the true boundary; (2) an agreement that a certain line will be treated by the parties as the true line; and (3) the subsequent occupation by the parties in accordance with the agreement for a period of time sufficient to show a settled recognition of the line as the permanent boundary. Campbell v. Noel, 490 So.2d 1014 (Fla. 1st DCA 1986). Herein, because insufficient evidence was presented to establish an actual agreement between the parties that the fence would be treated as the boundary line, we affirm the directed verdict against Shultz on this theory of recovery.
We turn now to the trial court's order vacating the jury verdict in favor of Shultz on the remaining theory of adverse possession, and granting a new trial. The trial judge found the verdict to be contrary to the manifest weight of the evidence in that there was insufficient competent evidence from which the jury could have found that any alleged possession by Shultz was protected by a continuous substantial enclosure for a period of seven years during 1975-1987, the time period at issue. A trial court's determination to grant a new trial on the basis that the verdict is not in accord with the manifest weight of the evidence may be reversed only upon a clear showing of abuse of discretion. If reasonable persons could differ as to the propriety of the trial court's action in granting a new trial, then the action is not unreasonable and there can be no finding of an abuse of discretion. Currie v. Palm Beach County, 578 So.2d 760 (Fla. 4th DCA 1991).
In order to take legal possession of real property under the theory of adverse possession during the time period at issue here, it was incumbent upon Shultz to prove (1) that she entered into possession of the property under a claim of title founded upon a written instrument; (2) that the property was protected by a substantial enclosure; and (3) that the protected property was so held by her for seven consecutive years between *570 January 1, 1975, and December 31, 1987. § 95.16, Fla. Stat. (1977). Each essential element of adverse possession must be established by clear and positive proof. Bailey v. Hagler, 575 So.2d 679 (Fla. 1st DCA 1991); Armstrong Cork Company v. Crook, 227 So.2d 64 (Fla. 1st DCA 1969). Herein, our review of the record below reveals no clear and positive proof of the essential element of substantial enclosure. Consequently, we cannot say the trial court abused its discretion. The order vacating the jury verdict and granting a new trial is affirmed.
We find without merit Shultz's contention that the trial court erred in ruling inadmissible testimony from Shultz and another witness regarding conversations they had with Johnson's now deceased father about the fence.
In summary, we affirm both the directed verdict entered on the claim of boundary by agreement and the order vacating the jury verdict in favor of Shultz on the theory of adverse possession and granting new trial. We reverse the directed verdict entered on the claim of boundary by acquiescence and remand for further proceedings.
AFFIRMED in part; REVERSED in part; and REMANDED.
WOLF and WEBSTER, JJ., concur.