652 So.2d 919 (1995)
William A. DuBOIS, Sr., William DuBois, Jr., and Robert M. DuBois, Appellants,
v.
Martin J. AMESTOY, and Nancy E. AMESTOY, et al., Appellees, and
Lake Worth Drainage District, Appellee.
No. 94-0536.
District Court of Appeal of Florida, Fourth District.
March 29, 1995.
James Nowlin, Jr. of Nowlin & Nowlin, P.A., Delray Beach, for appellant.
Larry Schone of Perry & Schone, P.A., Delray Beach, for appellee-Lake Worth Drainage Dist.
Daniel Landis of Tedesco & Landis, P.A., Boca Raton, for appellees-Martin J. Amestoy and Nancy Amestoy.
STEVENSON, Judge.
In this action for ejectment, the trial court entered summary final judgment in favor of appellees based on the doctrine of boundary by acquiescence. Because the facts, although largely undisputed, were susceptible *920 to varying inferences, some of which could defeat appellees' claim, we reverse.
The doctrine of boundary by acquiescence is uniquely applicable to disputes involving adjoining property owners. In order to prove boundary by acquiescence, three elements must be established: (1) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in such location for the prescriptive period. Shaw v. Williams, 50 So.2d 125 (Fla. 1950); Holley v. May, 75 So.2d 696 (Fla. 1954); McDonald v. Givens, 509 So.2d 992 (Fla. 1st DCA 1987). It is well settled in the case law that the uncertainty must be mutual as to both property owners. Evans v. Forte, 510 So.2d 327 (Fla. 2d DCA), rev. denied, 518 So.2d 1274 (Fla. 1987).
To be entitled to summary judgment based upon the doctrine of boundary by acquiescence, the moving party must establish the existence of all three elements based on the undisputed material facts. Horizon South Master Home Owners Ass'n, Inc. v. West, 591 So.2d 665 (Fla. 1st DCA 1991). Moreover, despite any presumption of correctness which attaches to the lower court's order, the reviewing court must draw every possible inference in favor of the party against whom summary judgment is granted. Williams v. Bevis, 509 So.2d 1304, 1306 (Fla. 1st DCA 1987).
In the instant case, the record fails to reveal that any of the requisite elements of boundary by acquiescence have been established as a matter of law. In sum, the evidence upon which the summary judgment was based merely showed (1) that based upon a government survey, appellees decided that a dike and ditch represented the proper boundary between their property and appellants' property; (2) that appellants' predecessors in title hired a surveyor who placed boundary stakes on the property appellees considered to be their property; (3) that appellees pulled up the stakes and told appellants' predecessors in title that the dike represented the true boundary line; and (4) that appellants' predecessors in title, for some reason not disclosed in the record, did nothing to challenge appellees' assertion of the boundary line for many years.
Because the record evidence permits different reasonable inferences on the issues of mutual uncertainty, location of a boundary by the parties, and acquiescence, we find that summary judgment was improperly granted.
REVERSED AND REMANDED.
POLEN and KLEIN, JJ., concur.