PER CURIAM.
Friday Hudlow Limbert appeals a final summary judgment granting title to a certain small parcel of land and a maintenance easement to Thomas B. Nickerson, Sr. Limbert and Nickerson own adjoining lots within the City of Key West. As late as 1993 both lots were owned by the same person. A residence with an adjoining apartment existed on the property while both lots were owned by that person. In 1993, the owner of both lots transferred one of the lots to Limbert’s grantors and retained ownership of the lot upon which the residence/apartment was built. In 1994, Limbert purchased the vacant lot and later had a survey done which showed that approximately two feet of the apartment on the adjoining lot encroached upon her property. The record does not disclose any dispute as to the validity of the survey commissioned by Limbert or its determination of the true property line. After she took title to the vacant lot, Lim-bert erected a chain link fence between her. lot and the adjoining lot. This fence was not exactly on the property line disclosed by the survey and it did not prevent access to the side of the apartment facing her lot.
In 1996, Nickerson purchased the lot with the residence/apartment on it from the person who, until 1993, had owned both lots. It is undisputed that, at the time of his purchase, Nickerson had no knowledge of the encroachment onto Lim-bert’s property of the building on his lot. In fact, the property description in the *224 deed that he received from the grantor overlapped the property description in the deed that Limbert had received two years earlier. However, shortly after Nickerson took possession of his lot, Limbert told Nickerson’s son about the encroachment and indicated that she intended to move her fence as close to the true property line as possible. Limbert followed through with that intent and erected a ten-feet tall privacy fence which directly abuts the wall of the encroaching apartment. The fence she erected is so close to the wall of the apartment that it does not allow Nickerson access to the abutting wall.
In 1998, Nickerson filed the instant lawsuit seeking to remove Limbert’s claim to the two feet of property on which his apartment encroaches as a cloud on his title. Nickerson’s complaint contains two counts based on adverse possession, one count of boundary by recognition and acquiescence, and one count of boundary by agreement. The complaint also contains a count for an easement by prescription under which Nickerson seeks access to his property for maintenance purposes. Lim-bert thereafter filed a counterclaim, alleging various counts and seeking to quiet title and to remove Nickerson’s claim as a cloud on her title.
Following discovery, Nickerson filed a motion for summary judgment, which the trial court granted. The final summary judgment vests title to 26.54 square feet of Limbert’s property and cites the counts for doctrine of boundary by acquiescence and boundary by agreement as the basis for the award. It also grants Nickerson a three-feet wide easement over Limbert’s property for purposes of maintaining his property. The final judgment refers to this easement as both a “maintenance easement” and an “easement by agreement and acquiescence” even though Nick-erson’s complaint contained only a count seeking an “easement by prescription.”
Based on our review of the record, we conclude that Nickerson failed to prove, as required, that no genuine issue of material fact existed as to the elements of boundary by acquiescence or agreement[1] or that he was entitled to judgment as a matter of law on either that theory or the unpled theory of easement by acquiescence or agreement. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985); Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). At the very least, the evidence before the court supports an inference that there was no uncertainty or dispute between the parties as to the true boundary between the subject lots where Ms. Limbert testified that she was aware of the true boundary and the encroachment by the apartment at least from the time she had the survey performed prior to Nickerson’s purchase of his property.[2] Given the possible inferences in favor of Limbert, the non-moving party, summary judgment was improperly entered. See DuBois v. Amestoy, 652 So.2d 919, 920 (Fla. 4th DCA 1995); see also Holley v. May, 75 So.2d 696, 698 (Fla.1954); Baker v. Niess, 496 So.2d 215, 218 (Fla. 1st DCA 1986). Similar issues and inferences remain as to the easement award as well. Therefore, the final summary judgment must be reversed and a trial on the merits conducted.
Reversed and remanded for further consistent proceedings.

. The elements of boundary by acquiescence are: "(1) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in that location for the prescriptive period.” Horizon South Master Home Owners Ass'n v. West, 591 So.2d 665 (Fla. 1st DCA 1991)(citing Shaw v. Williams, 50 So.2d 125 (Fla.1950); Bailey v. Hagler, 575 So.2d 679 (Fla. 1st DCA 1991)).

. The evidence is also susceptible of an inference that there was no acquiescence for the prescriptive period given the testimony that Limbert brought her claim of encroachment to the attention of Nickerson in 1996 or 1997, less than seven years prior to the filing of the lawsuit.