781 So.2d 1156 (2001)
Emanuel L. CARROLL, Appellant,
v.
James E. FORDHAM, Jr., et al., Appellee.
No. 1D00-2523.
District Court of Appeal of Florida, First District.
March 22, 2001.
*1157 David G. White, Esquire, Pensacola, for Appellant.
Jack Locklin, Jr., of Locklin & Jones, P.A., Attorney, Milton, for Appellee.
PER CURIAM.
This is an appeal from an amended final judgment denying Appellant's claim of a boundary by acquiescence and ordering appellant's ejectment from the disputed property. We reverse and remand for the limited purpose of issuance of an amended final judgment containing adequate findings of fact and conclusions, as appropriate, on the placement and duration of the fence consistent with applicable case law, including Shaw v. Williams, 50 So.2d 125 (Fla.1950); McDonald v. O'Steen, 429 So.2d 407, 409 (Fla. 1st DCA 1983); McDonald v. Givens, 509 So.2d 992 (Fla. 1st DCA 1987).
The parties are owners of adjoining parcels of land on Racoon Bayou in Santa Rosa County. These parcels were once part of a larger parcel of land that was divided by the heirs of the owner of the larger parcel in 1970. Appellant is owner of Parcel "A." In 1996, James Fordham and his wife, Appellees, purchased parcel "B." Appellees sued Appellant for possession; immediately thereafter, Appellant sued Appellees to establish a boundary by acquiescence. After a non-jury trial, the trial court found that Appellant had failed to demonstrate entitlement to the disputed portion of the property and that Appellees were entitled to eject Appellant from their property. The court found that there had been no showing that there was ever a dispute regarding the boundary line. In reaching this conclusion, the trial court determined that Appellant had not proven that the boundary line previously recognized by the adjoining property owners had been established. The trial court discounted the questionable monument from which an old barbed-wire fence line ran. The trial court's order recognizes the existence of the old fence, but it makes no findings or conclusions addressing whether the fence itself created the necessary uncertainty or established a new boundary.
The trial court erred in not making any findings of fact or reaching any conclusions of law on whether there was an uncertainty as to the boundary based on the existence of the fence. Case law has clearly established that the existence of a fence, which was undisputed in the case at bar, can constitute evidence of the requisite doubt or uncertainty as to the true boundary. See McDonald v. Givens, supra. Because the existence of the fence was not in question and because the existence of the fence can constitute evidence of the requisite doubt or uncertainty as to the true boundary, the trial court should have recognized and addressed the legal implications of the record evidence concerning the fence.
Accordingly, this cause is reversed and remanded for the trial court, as the trier of fact, to make the appropriate, additional findings and conclusions consistent with the law of boundary by acquiescence. See Kim v. Bradshaw, 569 So.2d 532 (Fla. 1st DCA 1990)(final judgment can be reversed and remanded if it fails to contain sufficient findings of fact).
REVERSED and REMANDED.
ERVIN, WEBSTER and LEWIS, JJ., concur.