BENTON, J.
 

 Hearn Properties, Inc. (Hearn) appeals a final judgment establishing an old fence
 
 *878
 
 line as the boundary between land Hearn owns and a parcel owned by Albert W. Cruce and other heirs of Mattie Frances Cruce. The judgment on appeal quiets title to a disputed strip of land in the Cruce heirs. In order to decide the case under the rule of decision our supreme court has laid down, we are obliged to sit en banc.
 
 See
 
 Fla. R.App. P. 9.331(a) (“En banc hearings ... shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court’s decisions.”);
 
 Pangilinan v. Broward County,
 
 914 So.2d 1094, 1097 (Fla. 4th DCA 2005) (en banc) (receding from district court decisions that failed to follow supreme court precedent).
 

 As an en banc court, we overrule our decisions that cannot be reconciled with contrary decisions of the Supreme Court of Florida, specifically
 
 Van Meter v. Kelsey,
 
 91 So.2d 327 (FIa.1956), and
 
 Shaw v. Williams,
 
 50 So.2d 125 (Fla.1950), and reverse the judgment below on the authority of
 
 Van Meter
 
 and
 
 Slum. See In re Rule 9.331, Determination of Causes by a District Court of Appeal En Bane, Fla. Rttles of Appellate Procedure,
 
 416 So.2d 1127, 1128 (Fla.1982) (“We would expect that, in most instances, a three-judge panel confronted with precedent with which it disagrees will suggest an en banc hearing.”). Because the supreme court decisions we now follow antedate the First District decisions that we are constrained to disavow, proceeding en banc is necessary, even though we are receding from our decisions only in order to give effect to binding decisions handed down by a higher court.
 
 See Pangilinan,
 
 914 So.2d at 1097 (sitting en banc to recede from district court decisions at odds with supreme court decisions antedating the district court decisions receded from).
 
 Cf Pettinato v. Johnson,
 
 674 So.2d 148, 149-50 (Fla. 2d DCA 1996) (three-judge panel recognizing that a supreme court opinion in a case decided subsequent to district court decisions required the district court panel to “recede from the following three opinions of this court”).
 

 The present case was tried to the court below, which made certain findings of fact in the judgment under review. Soon after acquiring the property, Hearn began constructing a fence along the boundary line demarcated by its surveyor. This led Mr. Cruce, an owner of the parcel abutting to the south, to file suit and allege that the boundary was not the survey line but an old fence line situated north of and parallel to it. On this basis, Mr. Cruce claimed ownership
 
 [1]
 
 of 3.61 acres lying north of the survey line and south of the old fence line. Pleading in the alternative, he alleged boundary by acquiescence and/or agreement and adverse possession under color of title. By the time of the bench trial, however, only boundary by acquiescence was at issue.
 
 [2]
 

 At one time, Mr. Cruce’s parcel and the Hearn parcel were both owned by Mr. Cruce’s grandparents, I.D. and Mattie O’Quinn. When the O’Quinns owned both parcels, they used the property for agricultural purposes, to cultivate crops and raise
 
 *879
 
 livestock. The fence “[d]ivid[ed] the crops” and helped keep livestock out of the crops long before the northern parcel was sold in 1960 to Hearn’s predecessor in title. Mattie Frances Cruce, Mr. Cruce’s mother, purchased the southern parcel from her parents in 1964. She owned the southern parcel until her death in 1989, when Mr. Cruce and others inherited it.
 

 The trial court entered judgment against Hearn and quieted title in Mr. Cruce and the other hems, ruling that the evidence established each of the three elements of boundary by acquiescence:
 

 (1) Uncertainty or dispute as to the location of the true boundary. (2) Location of a boundary line by the parties. (3) Acquiescence in such location for the prescriptive period.
 

 Shaw v. Williams,
 
 50 So.2d 125, 126 (Fla. 1950). But the trial court found that Mr. Cruce had offered no “direct evidence” of any uncertainty or dispute as to the location of the boundary — the only element Hearn had contested.
 

 Instead, relying on cases we had decided, the trial court ruled that “the placement and duration of the fence
 
 itself,
 
 absent another explanation for its specific location, is sufficient evidence of the requisite doubt or uncertainty to establish a boundary by acquiescence.”
 
 [3]
 

 McDonald v. Givens,
 
 509 So.2d 992, 993 (Fla. 1st DCA 1987) (citing
 
 McDonald v. O’Steen,
 
 429 So.2d 407, 409 (Fla. 1st DCA 1983)). The trial court concluded that “the placement and duration of the fence
 
 itself”
 
 gave rise to a presumption of a boundary dispute which other evidence had failed to rebut.
 
 Id.
 
 But any such presumption defies common sense in a case like the present one: when the fence was built, the land on either side of the fence was, as far as the record reveals,'
 
 [4]
 
 in common ownership.
 

 In any event, our supreme court has expressly held that, in proving a claim of boundary by acquiescence, the existence of a fence is alone insufficient to establish any dispute or uncertainty as to the location of the boundary.
 
 See Van Meter,
 
 91 So.2d at 330 (ruling boundary by “recognition and acquiescence” not established because “[tjhere is nothing in the record to indicate that the fence in question was agreed upon as the boundary between the two properties.... The only evidence to show that the fence was regarded as the boundary between the properties was the existence of the fence itself. This is not sufficient.”);
 
 Shaiv,
 
 50 So.2d at 127-28 (ruling, on claim of boundary by acquiescence, dispute element not satisfied absent evidence that, at the time hedge was plant
 
 *880
 
 ed, there was any discussion of a boundary, holding: “When one relies on a boundary established by acquiescence there must be mutual uncertainty or an actual dispute between them about the boundary line. Such an uncertainty means actual lack of knowledge on the part of both land owners of the true boundary line”).
 

 The rule laid down in
 
 O’Steen
 
 and
 
 Givens
 
 cannot be squared with
 
 Van Meter
 
 and
 
 Shaw,
 
 supreme court precedent that antedates those decisions. Our sister courts have, understandably, declined to adopt this view.
 
 [5]
 

 But see Tarin v. Sniezek,
 
 942 So.2d 458, 460-61 (Fla. 4th DCA 2006) (distinguishing
 
 Givens
 
 on factual grounds).
 

 While we have sometimes given lip service — as the trial court did below in the present case — to there being three distinct elements of boundary by acquiescence,
 
 see, e.g., Shultz v. Johnson,
 
 654 So.2d 567, 568 (Fla. 1st DCA 1995) (“The following elements are necessary to establish boundary by acquiescence: (1) a dispute or uncertainty as to the location of the true boundary, implying a cognizance by both parties that the true boundary is in doubt; (2) location of a boundary line by the parties; and (3) the continued occupancy of, and acquiescence to, a line other than the true boundary line for a period of more than seven years.” (citations omitted)), our holdings in
 
 O’Steen
 
 and
 
 Givens
 
 effectively collapse all three into a unitary requirement that is met by proving only the existence of a fence (and the absence of any evidence that would otherwise explain its location and duration). This is plainly at odds with the supreme court’s holdings in
 
 Shaw
 
 and
 
 *881
 

 Van Meter. See, e.g., Davenport v. State,
 
 664 So.2d 323, 325 (Fla. 1st DCA 1995) (“Where district courts’ decisions are at odds with supreme court precedent, the supreme court’s decisions control.” (citations omitted)). The supreme court’s decisions, not our own, control, and must be given effect.
 

 Because the holdings in
 
 OSteen
 
 and
 
 Givens
 
 cannot be reconciled with the supreme court’s holdings in
 
 Shaw
 
 and
 
 Van Meter,
 
 we recede from
 
 O’Steen
 
 and
 
 Givens
 
 and any other decision holding that mere construction of a fence suffices to establish a boundary by agreement or acquiescence. Applying
 
 Shaw
 
 and
 
 Van Meter,
 
 we reverse the final judgment entered below.
 

 Reversed.
 

 HAWKES, C.J., BARFIELD, ALLEN, WOLF, KAHN, WEBSTER, DAVIS, VAN NORTWICK, PADOVANO, LEWIS, THOMAS, ROBERTS, and CLARK, JJ„ concur.
 

 [1]
 

 . Mr. Cruce, the plaintiff below, named Robbie Cates Harrell, Ruby Cruce Laurance, and Teresa W. Wilson as defendants below and alleged that each, like himself, owned an undivided one-fourth interest in the property. Mr. Harrell, Ms. Laurance, and Ms. Wilson have not participated in the appeal.
 

 [2]
 

 . The trial court cited
 
 Bush v. Grasswick,
 
 830 So.2d 963 (Fla. 1st DCA 2002), in granting summary judgment against appellant on the adverse possession under color of title claim. Although the record does not otherwise reflect a resolution of the boundary by agreement claim, the final judgment states that "[t]he claims under all ... theories except boundary by acquiescence were stricken prior to trial.”
 

 [3]
 

 . Despite the supreme court’s clear language in
 
 Van Meter v. Kelsey,
 
 91 So.2d 327 (Fla. 1956), and
 
 Shaw v. Williams,
 
 50 So.2d 125 (Fla. 1950), we have used similar language on other occasions.
 
 See Carroll v. Fordham,
 
 781 So.2d 1156, 1157 (Fla. 1st DCA 2001) ("Case law has clearly established that the existence of a fence, which was undisputed in the case at bar, can constitute evidence of the requisite doubt or uncertainty as to the true boundary." (citing
 
 McDonald v. Givens,
 
 509 So.2d 992 (Fla. 1st DCA 1987)));
 
 Bailey v. Hagler,
 
 575 So.2d 679, 682 (Fla. 1st DCA 1991) ("In appropriate circumstances, the placement and duration of a fence, absent another explanation for its specific location, will constitute sufficient evidence of the requisite doubt or uncertainty to establish a boundary by acquiescence.” (citing
 
 McDonald v. Givens,
 
 509 So.2d 992 (Fla. 1st DCA 1987))),
 
 disapproved on other grounds, Seton v. Swann,
 
 650 So.2d 35 (Fla. 1995).
 
 But see Baker v. Niess,
 
 496 So.2d 215, 218 (Fla. 1st DCA 1986) (holding "there was sufficient evidence for the trial court to determine that the first element, that of uncertainty or dispute as to the location of the true boundary line, has not been established.").
 

 [4]
 

 . As far as can be told from the record, the fence was constructed when both parcels were owned by Mr. and Mrs. O'Quinn.
 

 [5]
 

 . The other district courts of appeal have followed supreme court precedent requiring proof of three distinct elements.
 
 See Tarin v. Sniezek,
 
 942 So.2d 458, 460 (Fla. 4th DCA 2006) ("To establish a boundary by acquiescence, a party must prove: (1) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in the location for the prescriptive period. Moreover, ‘uncertainty means actual lack of knowledge on the part of both owners as to the true boundary.’ ” (citations omitted));
 
 Sembler Marine Partners, Ltd. v. Skidmore,
 
 842 So.2d 1003, 1005 (Fla. 4th DCA 2003) ("Three essential elements must be proven to establish a boundary by acquiescence: (l) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in the location for the prescriptive period.” (citations omitted));
 
 Limbert v. Nickerson,
 
 770 So.2d 223, 224 n. 1 (Fla. 3d DCA 2000) ("The elements of boundary by acquiescence are: ‘(1) uncertainty or dispute as to the location of the true boundaiy; (2) location of a boundary line by the parties; and (3) acquiescence in that location for the prescriptive period.' ” (citations omitted));
 
 DuBois v. Amestoy,
 
 652 So.2d 919, 920 (Fla. 4th DCA 1995) (“In order to prove boundary by acquiescence, three elements must be established: (1) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in such location for the prescriptive period.” (citations omitted));
 
 Sanlando Springs Animal Hosp., Inc. v. Douglass,
 
 455 So.2d 596, 597 (Fla. 5th DCA 1984) ("the elements necessary to prove a boundary by agreement are as follows: (1) an uncertainty or dispute as to the boundary line; (2) an agreement that a certain line will be treated as the true boundary line; (3) the subsequent occupation of both properties according to such line as the true boundary.” (emphasis omitted));
 
 see also Blackburn v. Fla. W. Coast Land & Dev. Co.,
 
 109 So.2d 413, 414-15 (Fla. 2d DCA 1959) (ruling there was no boundary by acquiescence where "plaintiff-appellants contended] that the original government survey placed the range line along a fence that had held their cattle for a number of years longer than the prescriptive period, and appellees contended] that the true original range line was some 500 feet west of this fence, as located by their surveyor” because “our Supreme Court has clearly imposed the prerequisite that there be some dispute, or uncertainty as to the location of the line recognized by both parties before a boundary may be established by acquiescence in Florida, an element entirely lacking in the instant case.”).